## THE STATE v. CHEEK.

CRIMINAL LAW. No person can, for the same offense, be *twice* put in jeopardy of life or limb.

One who has not been put on his trial on the *merits* in a court of competent jurisdiction has *not* legally been put in jeopardy.

If the circuit court erred in any ruling, a judgment made at the instance of the defendant, before a trial was reached, the case may be *remanded* for further proceedings.

*General Order No. 3,* Headquarters Department of Arkansas, *series* of 1866, in terms protecting from prosecution in the State court all *officers and soldiers* of the armies of the United States charged with offenses for acts done in their military capacity, or pursuant to orders from proper military authority, was declaratory of the law, and was *not* intended to *change* the law.

But where a grand jury has presented an *indictment,* though contrary to law, and in violation of said order, the court can legitimately arrive at the fact only by a *trial;* and in such a case the court could *not* on an *ex-parte* showing *discharge* a prisoner regularly indicted.

Where the *transcript* presented in the Supreme Court fails to show the *impaneling of the jury,* and the *presenting* of the indictment by the grand jury, and the circuit clerk certifies that the transcript "is a full and complete transcript of the record, and proceedings in the case," it does *not appear* that there was a *prosecution* legally pending in the circuit court; and that court could *not* have rendered judgment upon such record; and that court committed *no error* in dismissing the case, even on an ex parte showing.

*Appeal from Johnson Circuit Court.*

IIon. THOMAS BOLES, Circuit Judge.

JORDAN, Attorney General, for appellant.

GREGG, J.

This was a prosecution, commenced by indictment, for murder, at the fall term, 1865, of the Johnson county circuit court.

At the April term, 1866, the defendant appeared and filed his motion to be dismissed from prosecution, as he alleged, because he came within the provision of General Order No. 3, Headquarters Department of Arkansas, *series* of 1866, &c. The motion was not verified by affidavit. The attorney for the State moved the court to strike the defendant's motion from the files, but the court refused to do so, and allowed the defendant to introduce witnesses to establish the truth of the allegations in his motion. Upon hearing the testimony, which tended very clearly to show that, at the time of the alleged murder, the defendant was a soldier in the second regiment Arkansas infantry volunteers U. S. army, and that he was acting in obedience to the orders of his superior officers, and upon such proof or statements being made, the court ordered the defendant to be discharged, and adjudged that he go hence, without day, &c., to which ruling of the court, in refusing to srike defendants' motion from the files, in hearing proof thereon, and adjudging that the defendant go hence, the attorney for the State excepted, tendered his bill of exceptions, containing the evidence, and appealed to this court.

It is well settled, under our Constitution, that a man can not be twice put in jeopardy of life or limb for the same offense ; *Stewart v. The State,* 13 *Ark.,* 721 ; *Hand v. State,* 6 *Ark.,* 165, and 22 *Ark.,* 331 ; but one who has not been put upon his trial, upon the merits, before a legal court of competent jurisdiction, has not legally been put in jeopardy. *Dunn v. The*

*State*, 2 *Ark.*, 230; *Brumley v. State*, 20 *Ark.*, 18. Therefore, if the circuit court erred in any judgment or ruling, made at the instance of the defendant, before a trial was reached upon the merits, he can not be heard to complain if such error is corrected and the case remanded for further proceedings.

The military order referred to, was issued while this State was undergoing reconstruction. Active rebellion had ceased, a provisional government established, but the State not fully restored to her former relations with the General Government. To afford the soldier and citizen, who had given aid in putting down the rebellion, protection from their late enemies, whose bitterness was likely to carry them beyond just grounds in seeking redress for supposed injuries at the hands of those whose duty, during the conflict of arms, had brought them in contact with rebels or their property. The military authorities of the United States ordered that division and department commanders, whose commands, in whole or in part, embraced late rebel territory, and who had not previously done so, issue orders " protecting from prosecution or suit in the State, or municipal courts of such States, all officers and soldiers of the armies of the United States, and all persons thereto attached, or in anywise thereto belonging, subject to military authority, charged with offenses for acts done in their military capacity, or pursuant to orders from proper military authority," &c., &c. This order certainly was not intended to change the law or to abolish what were high offenses by the law, but it was declaratory of the law, and doubtless was issued to call the attention of civil magistrates, grand jurors, and others, as well as the military, to the rights legitimately belonging to those who had aided in putting down the rebellion and restoring the country to peace. The number of oversights or willful perversions of the law, within a short experience, showed the necessity of precautionary measures, and the practical good judgment of the military commander in thus enunciating those principles of sound law.

But in cases where grand jurors, in the discharge of their

duties, have preferred and filed indictments, though contrary to law, and to the provisions of the above order, there is but one legitimate mode for the court to arrive at the facts, and that is by a trial, and in our opinion the court could not, upon an *ex parte* showing, legally discharge a prisoner regularly indicted. See *Salliers v. Bevins*, 24 *Ark.*, 233.

Section 240, chapter 52, page 427, Gould's Dig., declares, "that no assignment of errors, or joinder therein, shall be necessary upon an appeal in criminal cases, but the court shall proceed, on the return thereof, without delay, to render judgment upon the record before them."

In this case, the record, by the prosecuting officer-presented here, shows no impaneling of a grand jury, or return of an indictment into court by a grand jury, and if the transcript here presented is "a full and complete transcript of the records and proceedings in the case of the State of Arkansas *v.* James Cheek, indictment for murder," as the clerk of that court certifies, then there was no prosecution legally pending in the court below, and, although not set up as a cause in defendant's motion, that court could not, under any circumstances, have rendered judgment upon such record against the defendant, and if no judgment could have been pronounced, there was no error in dismissing the case.

Let the judgment be affirmed.