## SOUTHWORTH v. THE STATE.

CRIMINAL LAW:    *Twice in jeopardy.*

    A conviction of petit larceny in a justice's court is a bar to a prosecution
    in the Circuit for grand larceny for the same offense.

APPEAL from *Pike* Circuit Court.
Hon. H. B. STUART, Circuit Judge.

*P. C. Dooley* for appellant.

That a person can not be put twice in jeopardy for the
same offense is well settled. The difficulty in applying
the principle is where there are degrees in the crime, and
where an included offense is tried by a court having no
jurisdiction of the highest grade. All offenses of larceny
are degrees of the same offense. (*Code, sec. 260.*) Justices
have jurisdiction in petit larceny.

Appellant, having once been tried and convicted and
punished for larceny, can not again be put in jeopardy for
any of the grades or degrees of that offense, and again
punished for the *same* offense. *Bishop Cr. Law, sec. 1057;*
*55 Iowa, 530; 58 N. H., 257; 36 Ind., 280; 50 N. H., 150;*
*57 Barb., 46; 14 Ga., 8; 43 Vt., 324; Am. Law Re-*
*view, Oct. 1883, p. 740-1; 2 Swan, 493.*

*C. B. Moore*, Attorney General, *contra*.

The case of *State v. Nicholls, 38 Ark., 550*, is conclusive of this case, and especially that part founded on the case of *Commonwealth v. Curtis, 11 Pickering, 134.*

The former conviction may have been a bar to any conviction of *petit larceny*, but not of *grand larceny*, for the justice had no jurisdiction of that offense, and hence he was in no jeopardy for that offense.

Appellant should have pleaded former conviction of *petit larceny*, thus preventing the possibility of a conviction of the included lower grade, and then pleaded not guilty of grand larceny; and if it had turned out in evidence that the property was not over $10, he would have been acquitted altogether. By pleading as he did, he lost the benefit altogether of his former conviction.

ENGLISH, C. J. On the twenty-ninth of September, 1882, P. H. Southworth was arrested by the sheriff, and taken before a justice of the peace of Pike County, on a charge of stealing a cow. The case was postponed until the second of October, when the witnesses were examined by the justice, who found that the value of the property stolen was less than ten dollars, and that therefore the accused was not guilty of grand larceny. Thereupon the prisoner, under advice of his counsel, pleaded guilty to the charge of petit larceny, and was sentenced by the justice to imprisonment in the county jail for twenty-four hours, and to pay a fine of $25.

Twelve days later he was indicted in the Circuit Court of Pike County for the same larceny, the indictment alleging the value of the cow to be $12.50. He pleaded in bar the former conviction; the court sustained a demurrer, interposed by the State to the plea; whereupon, the prisoner resting and relying on his plea in bar, entered the

plea of guilty to the charge, was sentenced to the penitentiary for one year, and appealed.

By section 8 of the Declaration of Rights, "no person, for the same offense, shall be twice put in jeopardy of life or liberty," etc.

The difference between grand and petit larceny, under the statute, rests entirely upon the value of the property stolen. Where the value of the property stolen exceeds $10, the punishment is imprisonment in the penitentiary for not less than one, nor more than five years. When the value of the property stolen does not exceed $10, the punishment is imprisonment in the county prison not more than one year, and fine of not less than ten, nor more than three hundred dollars. Act of March 22, 1882, *Acts of 1881, pp. 144–5.*

Under a charge of either of the grades of larceny, the liberty of the accused is in jeopardy. Not only so, but on conviction for petit larceny, as well as grand larceny, the accused is rendered infamous. *Gantt's Dig., sec, 2482; See also sec. 2, art. 3, Constitution.*

The Constitution shields and protects life and liberty, and reputation as well, from being twice put in jeopardy.

Remove or disregard this shield, and upon the oaths of witnesses before a justice of the peace, that the value of stolen property does not exceed $10, the accused may be deprived of his liberty, and upon the oaths of other witnesses in the Circuit Court, that the value of the property does exceed $10, the accused may be again deprived of his liberty for the same larceny. This would open a door to injustice, which it is safer to keep closed, except in clear cases of the exercise of jurisdiction by justices of the peace under circumstances of fraud and collusion.

We are unwilling to extend the decision in *State v. Nichols, 38 Ark., 550,* to cases of larceny. There the punish-

ment was a fine only, and the accused was in no danger of being deprived of his liberty, or rendered infamous by the judgment of the justice.

Men are not so apt to attempt to commit a fraud on jurisdiction in cases of larceny, as they are where they can substitute a mere fine for a misdemeanor for imprisonment in the penitentiary for a felony and its consequences.

Reversed and remanded to the court below with instructions to overrule the demurrer to the plea of former conviction, and for further proceedings, etc.