WILLIAM WAYNE DECKER *v.* STATE OF ARKANSAS

5603                                     471 S.W. 2d 343

Opinion delivered September 27, 1971
[Rehearing denied November 1, 1971.]

*Wright, Lindsey & Jennings,* for appellant.

*Ray Thornton,* Attorney General; *James A. Neal,* Asst. Atty. Gen., for appellee.

CARLETON HARRIS, Chief Justice. William Wayne Decker, appellant herein, was arrested by Officer Tommy

Robinson of the North Little Rock Police Department, placed in the back seat of the automobile, and Officer Robinson proceeded toward police headquarters. While the car was stopped at an intersection, appellant produced a pistol, held it on Robinson and told the officer to give him (appellant) his pistol or he would shoot him. In compliance with this demand, Robinson gave to appellant the service revolver he was carrying, after which Decker left the car and fled north. Robinson then obtained a shotgun from the car and started in pursuit of appellant, firing at Decker four times with the shotgun. Four or five hours later, appellant was found in a house on the Arch Street Pike, lying on a bed in the back room of the house; he had sustained three wounds in the back of his body. Officers found the pistol there which had been taken from Robinson, a .38 police service revolver, which was identified. Decker had told one of the officers where the gun was hidden. Another witness, David Romandia, who lived at the house where Decker was found, testified that appellant related to him how he had pulled his gun on the policeman and made the latter give to Decker his (the policeman's) service revolver. On July 30, 1970, Decker pleaded guilty in the North Little Rock Municipal Court to the offense of drawing a weapon on an officer, was fined $500.00, and sentenced to six months confinement in the County Jail. On August 6, 1970, the Prosecuting Attorney for Pulaski County filed an Information charging Decker with the crime of robbery, arising out of the same incident. He was convicted and sentenced to serve four years in the state penitentiary. Appellant moved in the trial court to dismiss the charge, contending that the robbery trial placed him in double jeopardy of life or liberty in violation of Article II, Section 8 of the Arkansas Constitution, and in violation of the Fifth Amendment of the United States Constitution. The motion was denied, as was a motion for new trial based on the same contention. From the judgment of conviction of robbery, appellant brings this appeal. For reversal, only one point is asserted, *viz*, that the trial of the robbery charge placed the defendant in double jeopardy of life or liberty in violation of the Federal and Arkansas Constitutions as set out above.

We do not agree. The offenses were entirely separate crimes. Though arising out of the same incident, the two acts were certainly not the same offense. Ark. Stat. Ann. § 41-4001 (Repl. 1964) provides as follows:

"Every person and the aiders and abettors of every person who shall draw a pistol, gun or any other deadly weapon upon any other person or shall serve or give notice either verbal or in writing to any other person or shall place notice upon the door or above the premises of any other person for the purpose of frightening or intimidating him from doing any lawful act, when such person drawing said pistol or gun or other deadly weapon is not justified in self-defense for so doing, shall be deemed guilty of a misdemeanor and upon conviction shall be fined in a sum not less than five hundred [$500] nor more than one thousand dollars [$1,000] and shall be imprisoned in the county jail for twelve [12] months."

Ark. Stat. Ann. § 41-3601 (Repl. 1964) defines robbery thusly:

"Robbery is the felonious and violent taking of any goods, money or other valuable thing from the person of another by force or intimidation; the manner of the force or the mode of intimidation is not material, further than it may show the intent of the offender."

It will be immediately observed that the robbery statute includes an additional act, not present in the statute first quoted, *viz,* the felonious and violent taking of goods or other valuable thing from the person of another by force or intimidation; furthermore, a violation of Ark. Stat. Ann. § 41-4001 (Repl. 1964) is not included in the charge of robbery as a lesser offense, unlike petit larceny, which is included where one is charged with grand larceny;[1] nor is it an offense that can be joined with the offense of robbery in an indictment or information. Ark. Stat. Ann. § 43-1010 (Repl. 1964).

---

[1]. See *Southworth v. State,* 42 Ark. 270.

We have said that where two acts are intended to suppress different evils, the acquittal or conviction of one will not preclude prosecution of the other. *Sparks v. State,* 88 Ark. 523, 114 S. W. 1183.

Of course, if Decker had only drawn his pistol on the officer, and then departed, he would have been guilty of violating 41-4001, but when he forced Robinson to hand over his own pistol and carried it away with him, an entirely separate and different offense was committed. However, even where there are no additional acts upon which a second charge is based, we have said that the test is not whether the defendant has already been tried for the same act, but whether he has been put in jeopardy for the same offense. See *Binganan* v. *State,* 181 Ark. 94, 24 S. W. 2d 969, and *Turner* v. *State,* 248 Ark. 367, 452 S. W. 2d 317.

Appellant cites the case of *Ashe* v. *Swenson,* 397 U. S. 436 (1970), in support of his double jeopardy argument, but the facts in that case are entirely different from the facts before us. There, six men were engaged in a poker game in the basement of a home when suddenly masked men armed with shotguns and pistols, broke into the basement and robbed each of the poker players of money and various articles of personal property. Ashe was subsequently arrested and placed on trial for the robbery of a man named Knight, one of the poker players. The proof identifying Ashe as one of the robbers was weak and the jury brought in a verdict of not guilty. Sometime thereafter, the state charged Ashe with the robbery of one of the other poker players and Ashe was convicted. The conviction was affirmed by the Missouri Supreme Court but reversed by the United States Supreme Court on the basis of the doctrine of "collateral estoppel",[2] which the court held was embodied in the Fifth Amendment guarantee against double jeopardy. The opinion made clear that the reversal

_____

[2] The opinion in *Ashe* v. *Swenson, supra,* in discussing "collateral estoppel" stated that this term "means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit".

was predicated on the fact that a jury had already determined that *Ashe was not one of the robbers, and any subsequent prosecution for that same robbery, even though of a different victim placed the defendant in double jeopardy.* The court stated:

"The question is not whether Missouri could validly charge the petitioner with six separate offenses for the robbery of the six poker players. It is not whether he could have received a total of six punishments if he had been convicted in a single trial of robbing the six victims. *It is simply whether, after a jury determined by its verdict that the petitioner was not one of the robbers, the State could constitutionally hale him before a new jury to litigate that issue again* [Emphasis supplied]."

It is apparent that the facts in the above case are entirely different from those here at issue, and actually, appellant is only relying on a concurring opinion by Mr. Justice Brennan, joined by Justices Douglas and Marshall, in which the view is expressed that even if the rule of collateral estoppel had been inapplicable in the facts of the case, the double jeopardy clause found in the Fifth Amendment to the Constitution of the United States would bar a prosecution, the two prosecutions arising out of one criminal episode. As stated however, this was only a concurring opinion, and was not the view of the majority.

It follows from what has been said that we do not agree that the trial of the robbery charge placed appellant in double jeopardy in violation of the Federal and State Constitutions.

Affirmed.