## Peggy McArthur *v.* Circuit Court of Pulaski County, Arkansas, Fourth Division: Hon. Richard B. Adkisson, Judge

5767                                        488 S.W. 2d 5

Opinion delivered December 4, 1972
[Rehearing denied January 15, 1973.]

*James L. Sloan,* for petitioner.

*Ray Thornton,* Atty. Gen. by: *Henry Ginger,* Asst. Atty. Gen., for respondent.

Carleton Harris, Chief Justice. On January 18, 1972, the state charged petitioner, Peggy McArthur, in the Little Rock Municipal Court with two separate felony violations of Act 590 of the General Assembly of 1971, being known as the Uniform Controlled Substances Act. One of the cases involved a delivery of hashish and the other a delivery of marijuana. Petitioner appeared the next day and entered pleas of not guilty. On motion of the state the causes were continued and reset for hearing on Janury 27, 1972. In the meantime, on January 20, 1972, the state filed felony informations[1] on the same

---

[1]The record reflects nothing in municipal court except the court docket sheet which does not itself make clear whether the charges filed there were felony or misdemeanor charges; however from the briefs of the parties, it is apparent that the informations were for felony charges, the cases being filed there as a matter of determining probable cause on preliminary examination.

identical charges in the Pulaski County Circuit Court; thereafter, the judge of the municipal court made a notation, "filed direct". Subsequently, petitioner filed a motion in the circuit court for abatement of the prosecutions on the ground that the circuit court had not acquired jurisdiction because of the fact that the charges involved misdemeanors, not felonies, and since the jurisdiction of the municipal court and the circuit court in misdemeanor cases is concurrent, the jurisdiction of the municipal court, the charges having first been filed there, was exclusive. The court reduced the charges to misdemeanors (the reason therefor being hereafter stated) but denied the motions to abate, and this action is the basis for petitioner's plea for a writ of prohibition. In support of the petition, it is urged that the jurisdiction of the Little Rock Municipal Court and the Circuit Court of Pulaski County over misdemeanors committed in Pulaski County is concurrent, and, on the principle of priority, the Municipal Court acquired jurisdiction rather than the Circuit Court. Ark. Stat. Ann. § 22-709 (Repl. 1962) relates to the jurisdiction of the municipal court and *inter alia,* sets out that municipal courts have concurrent jurisdiction with the circuit court in misdemeanor offenses committed within the county.

On March 13, 1972, this court, in *Bennett* v. *State,* 252 Ark. 131, 477 S.W. 2d 497, held that violations of the type here involved were misdemeanors rather than felonies[2] since Act 590 did not provide that these offenses were punishable by imprisonment in the penitentiary. Accordingly, the charges against petitioner can now be no more than misdemeanors.

In *State* v. *Devers,* 34 Ark. 188, in an opinion by Chief Justice English, it is pointed out that circuit courts and justices of the peace hold concurrent original jurisdiction of all criminal offenses less than felony, in other words, of all misdemeanors. In *Bradley* v. *State,* 32 Ark. 722, in an opinion also by Chief Justice English, we said "In a case of concurrent jurisdiction in different

[2]The General Assembly, in the Special Session of 1972, enacted Act 67 declaring the offenses mentioned a felony.

tribunals, the one first exercising jurisdiction rightfully acquires the control, to the exclusion of the other." See also *Doss* v. *Taylor,* 244 Ark. 252, 424 S.W. 2d 541.

The state relies entirely upon the case of *Bottom* v. *State,* 155 Ark. 113, 244 S.W. 334. In *Bottom,* the defendant was indicted by a grand jury of White County for first degree murder. Before the trial commenced, Bottom filed a motion alleging that the killing occurred on a barge in White River at a place where it constituted the boundary between White and Woodruff Counties, and that prior to the returning of the indictment by the grand jury in White County, Bottom had been arrested in Woodruff County upon a warrant issued in that county and that he had been incarcerated in jail awaiting the action of the grand jury but was admitted to bail and at the time of the finding of the indictment in White County, was under a bond for appearance in the Woodruff Circuit Court. It was admitted by the state and the accused that the killing took place on a barge in White River which was anchored or tied by a rope to the White County bank of the river, though this circumstance had no part in the court's decision. The contention of appellant is stated in the court's opinion as follows:

"Appellant relies upon the statute which provides that where a river is the boundary between two counties, 'the criminal jurisdiction of each county shall embrace offenses committed on the river' (Crawford & Moses' Digest, sec. 2874), and that when two or more counties, under the provision mentioned, have jurisdiction of the same offense, 'the county in which the defendant is first arrested shall proceed to try the offense to the exclusion of the other.' Crawford & Moses' Digest, sec. 2878. The contention is that, pursuant to the terms of this statute, there was concurrent jurisdiction in the two courts, but that exclusive jurisdiction was obtained by the courts in Woodruff County upon the arrest of appellant."

The court had previously, in *State v. Rhoda*, 23 Ark. 156, upheld a statute which provided that when any offenses were committed on the boundary of two counties, the indictment might be found and trial and conviction had in either county. In *Bottom,* the court concluded that the whole of White River was the boundary line and therefore the courts of both counties had concurrent jurisdiction. In deciding that White County had jurisdiction to try the case, this court, in an opinion by Chief Justice McCulloch said:

> "It does not follow, however, that the jurisdiction of the Woodruff court became exclusive so as to prevent the exercise of jurisdiction by the circuit court of White County. The statute provides, it is true, that 'the county in which the defendant is first arrested shall proceed to try the offense, to the exclusion of the others,' but this does not confer an unending jurisdiction in the county where the arrest is first made, for when the proceedings in that county come to an end short of a final judgment, the jurisdiction again becomes concurrent instead of exclusive, and the prosecution may be made in either county. ***
> *The finding of a new indictment and its acceptance by the court in White County was tantamount to an abandonment of the prosecution in Woodruff County and ended the exclusive jurisdiction of the courts in that county.* [Our emphasis]"

If the state had, after the violation of this act was held to be a misdemeanor by this court, and before any information had been filed in the circuit court, instituted charges in the municipal court, we would agree that the municipal court had acquired jurisdiction. But that is not the case. The state filed felony charges in municipal court, and that court has no jurisdiction to render any final judgment in a felony case. The state was free to by-pass the preliminary hearing by filing felony charges directly in circuit court, and this was done; the municipal court docket reflects "filed direct". In *Payne v. State,* 226 Ark. 910, 295 S.W. 2d 312, it was contended that Amend-

ment 21 to the State Constitution, giving the prosecuting attorney the right to file an information in circuit court in lieu of obtaining an indictment, was contrary to the 5th and 14th Amendments of the Federal Constitution. We disagreed, citing authority, and held that contention to be without merit. The court then said:

"Notwithstanding the above, appellant makes the further contention that the information in this case should have been quashed because it is undisputed that it was issued before there had been a preliminary hearing. In support of this contention appellant apparently relies on Ark. Stat. § 43-806 which provides that when a defendant has been held to answer at a preliminary examination the prosecuting attorney may file an information. The section referred to is a part of Act 160 of the Acts of 1937 which was passed to implement Amendement No. 21 referred to above and was not meant to be a limitation on the powers granted by the amendment. This court definitely settled the question against appellant's contention in the *Penton* case, *supra,* at page 513 of the Arkansas Reports, where it was stated:

'The principle distinction between provisions of §1 of Amendment 22 to the Constitution of Arkansas, and the provision of California's Constitution authorizing prosecutions under information, is that as a condition precedent to the validity of prosecutions on information in California, there must have been examination and commitment by a magistrate. Omission of this requirement from the Arkansas Amendment does not deprive the accused of the rights of due process guaranteed under the Constitution of the United States.'

Our Amendment No. 21 (referred to above as 22) says nothing about a preliminary hearing."

Accordingly, the prosecuting attorney was within his rights in filing the circuit court information, and, in doing so, as pointed out in *Bottom,* abandoned the hear-

ing or prosecution in municipal court. The circuit court information was amended by that court (after our decision in *Bennett*) to reduce the charges to misdemeanors, but this was never done in the municipal court. Since the municipal court had no authority to do anything with the felony charges other than to bind the defendant over to await action of the grand jury, the municipal court cases, as stated in *Bottom* had "come to an end short of a final judgment". It follows that the petition for writ of prohibition is without merit.

Writ denied.