Douglas Ray CHANEY *v.* STATE of Arkansas

CR 73-162                                           506 S.W. 2d 134

Opinion delivered March 11, 1974

*Don Langston*, Public Defender, and *Hubert Graves,* Dep. Public Defender, for appellant.

*Jim Guy Tucker*, Atty. Gen., by: *Alston Jennings Jr.*, Asst. Atty. Gen., for appellee.

FRANK HOLT, Justice. The appellant, charged with first degree murder, was found guilty by a jury of second degree and his punishment assessed at twenty-one years in the Department of Correction. On appeal from that judgment appellant first contends for reversal that the court erred in giving instructions on the lesser included offenses of second degree murder and voluntary manslaughter. The sufficiency of the evidence to support the jury verdict is not an issue on appeal. The thrust of appellant's argument is that he was either guilty of first degree murder or nothing, based upon his plea of self-defense, and the instructions should be so limited. His trial strategy was to that effect. We find no merit in appellant's contention.

We have held that the procedure about which appellant complains is not error. Second degree murder is a lesser degree of murder and the giving of the instruction over appellant's objection is not error. *Smith* v. *State,* 222 Ark. 650, 262 S.W. 2d 272 (1953), *Rogers* v. *State,* 136 Ark. 161, 206 S.W. 152 (1918), and *Vasser* v. *State,* 75 Ark. 373, 87 S.W. 635 (1905). Since second degree murder is a necessarily included lesser offense of first degree murder, it is within the trial court's discretion to give the instruction upon request of the prosecutor even over defendant's objection. See, e.g., *Kurck* v. *State,* 235 Ark. 688, 362 S.W. 2d 713 (1962), where we held it was not error to give an instruction for assault with intent to rape over defendant's objection in a rape prosecution since assault with intent to rape is a necessarily included lesser offense. In the case at bar, let it be remembered that this was an adversary proceeding and the sufficiency of the evidence to

support the verdict of second degree murder is not in dispute. The jury, as the fact finder, had the absolute right to evaluate the evidence. As to the voluntary manslaughter instruction, it was at most harmless and we perceive no prejudicial result from that instruction.

Appellant next contends that the trial court erred in refusing to give defendant's proffered instruction on involuntary manslaughter. A sufficient answer to this contention is that we have held when a defendant is charged with first degree murder and convicted of that alleged offense, instructions being given on first and second degree, it is not error to refuse a manslaughter instruction. *Williams* v. *State,* 250 Ark. 859, 467 S.W. 2d 740 (1971), *Walker* v. *State,* 241 Ark. 300, 408 S.W. 2d 905 (1966), and *Outler* v. *State,* 154 Ark. 598, 243 S.W. 851 (1922). Similarly, in the case at bar, since the jury found appellant guilty of second degree murder, we perceive no prejudicial error in refusing to give appellant's proffered instruction on involuntary manslaughter inasmuch as the jury was instructed on first and second degree murder as well as voluntary manslaughter. Further, involuntary manslaughter is not necessarily a lesser included offense of murder.

Appellant's final contention is that the trial court erred in the modification of the appellant's self-defense instruction. This modification consisted of the addition of the following paragraph:

> Further, you are instructed that if you find that after a first quarrel occurred, that the alleged assailant, in this case Elmer Furr, had abandoned the attack but that it was later voluntarily renewed by the defendant Chaney and that Mr. Chaney then shot Mr. Furr after such renewal of the difficulty without sufficient necessity or justification as related in these instructions, and that such shooting caused the death of Mr. Furr, then the plea of self-defense would not prevail.

Appellant contends that the instruction was argumentative and a comment on the evidence. We do not agree. Ark. Stat. Ann. § 41-2236 (Repl. 1964) defines killing in self-defense:

In ordinary cases of one person killing another in self-defense, it must appear that the danger was so urgent and pressing, that in order to save his own life, or to prevent his receiving great bodily injury, the killing of the other was necessary, and it must appear also that the person killed was the assailant, *or, that the slayer had really and in good faith, endeavored to decline any further contest, before the mortal blow or injury was given.* (Emphasis added.)

The undisputed evidence indicates that appellant and the deceased were involved in an altercation in a pool hall. After the appellant left, he returned armed, reentered the pool hall and the shooting occurred. Appellant's theory of the case and evidence were based upon self-defense. The state's theory and evidence indicated that the appellant was the aggressor. In order to properly instruct the jury it was necessary to relate and explain the applicability of self-defense. The court's modification of appellant's instruction simply further explained to the jury that the slayer must have "really and in good faith, endeavored to decline any further contest, before the mortal blow or injury was given."

The trial judge's instruction here has no such defect as in *Hart* v. *State*, 161 Ark. 649, 257 S.W. 354 (1924), upon which appellant relies. The challenged instruction points out that there must be "sufficient necessity or justification" for the shooting upon a renewal of the difficulty.

Affirmed.