Dale John Wayne LEWIS *v.*
STATE of Arkansas

CR 75-31

523 S.W. 2d 920

Opinion delivered June 9, 1975

*Gene Matthews Jr.,* for appellant.

*Jim Guy Tucker,* Atty. Gen., by: *Gary Isbell,* Asst. Atty. Gen., for appellee.

LYLE BROWN, Justice. This appeal comes from a conviction of Dale John Wayne Lewis on a charge of grand theft of an automobile. Appellant advances six points for reversal which will be listed separately and discussed after a brief statement of the undisputed facts.

On or about April 24, 1974, appellant was found in possession of an automobile which had been stolen during the weekend of April 20, 1974, from a car lot in Hot Springs. The car had a license plate attached which had been stolen from an automobile in Malvern. Appellant was mowing the lawn at a church in Bastrop, Louisiana and had parked the car. A Bastrop officer, who was investigating a series of burglaries at the church, noticed the car with an Arkansas license. He inquired of appellant as to ownership of the car and appellant's reply was that the car belonged to him. It was the contention of appellant that he bought the car from a person unknown to him in Pine Bluff, drove it to Florida, and on his return trip he ran out of money; that was the reason, so he said, for mowing the lawn. The officer put out a bulletin on the car and discovered that it had been stolen and that the license plate belonged to a resident of Malvern. Appellant waived extradition and was returned to Hot Springs to face grand larceny charges. Other facts will be recited which are pertinent to the treatment of appellant's points for reversal.

**Point I.** *The court erred in overruling defendant's motion for remand for a preliminary hearing as the prosecutor's right to file an information under Amendment 21 of the Constitution without judicial review is unconstitutional.* The defendant was arrested on April 26, 1974, and brought before the municipal court of Hot Springs on April 30, 1974. Subsequently, and on May 6, 1974, the prosecuting attorney bypassed the municipal court and filed an information direct in circuit court. This procedure is permissible and is sanctioned by the recent case of *McArthur v. Pulaski County Circuit Court,* 253 Ark. 501, 488 S.W. 2d 5 (1972).

**Point II.** *The court erred in failing to grant defendant's motion to suppress evidence.* It is here contended that the search of the car made by officers on the day of appellant's arrest constituted an invasion of the defendant's privacy. The searching officers did not obtain a search warrant. The point is without merit. The police found the stolen car in possession of appellant and at the church which had been on recent numerous occasions burglarized. The officers seized the car to impound it and to keep it until forfeiture proceedings were concluded. Their search of the car was "closely related to the reason petitioner was arrested, the reason his car had been impounded and the reason it was being retained". *Cooper v. California,* 386 U.S. 58 (1967). Furthermore, the search was limited to an inventory. Moreover, nothing was taken which implicated appellant in the theft of the car.

**Point III.** *The court erred in overruling the defendant's motion in limine to preclude the prosecuting attorney from making reference to a nolo contendere plea entered by defendant and further permitting the State to inquire into specific acts of conduct in an effort to prove the bad character of the defendant.* It appears that sometime prior to the involved incident the appellant was charged in the municipal court with joy-riding. He entered a plea of nolo contendere and the court entered a judgment of conviction. It is appellant's position that the nolo contendere proceedings should not have been admitted in evidence. We disagree. The majority rule is that a conviction on a plea of nolo contendere may be inquired of in cross-examining a defendant in a subsequent trial. While a conviction of the defendant upon the plea of nolo contendere "is not an admission of his guilt, so

that the defendant is not estopped in a civil proceeding from denying the facts to which he pleaded nolo contendere, the fact of his conviction upon the plea may be shown in a later proceeding, and such a conviction subjects the defendant to all the consequences of a conviction in the same way as if it were after a plea of guilty or not guilty".

The foregoing quotation is taken from 89 ALR 2d § 42. To the same effect see 21 Am Jur 2d § 502, P. 493. Also in accord is the case of *Tseung Chu* v. *Cornell*, 247 F. 2d 929 (1957). *Cert. denied* 355 U.S. 892.

Under this point appellant also contends it was error to cross-examine appellant about debts, an alleged DWI in the past two years, and alleged non-child support. Appellant put his reputation in issue and the questions on the related point were appropriate in considering his general reputation.

Point IV. *The court erred in failing to admit into evidence a conditional paper for sale of the automobile.* It was appellant's contention that he purchased the automobile from a stranger at Pine Bluff. Appellant purportedly received a receipt from the seller which read: "4-22-74. Conditional paper on 1973 Buick $3,-000, $500 down papers due one month but at $100 a month for 30 months. Geo. Brandis." A subpoena was issued for Geo. Brandis and returned by the sheriff at Pine Bluff with the notation "unable to locate". The recited instrument was essentially a receipt given incident to a transaction as opposed to an instrument attempting to recount a statement of facts by the maker. Under the circumstances we have recited the instrument was admissible. The case of *Walnut Ridge Merc. Co.* v. *Cohn,* 79 Ark. 338, 96 S.W. 413 (1906) is a case in point. We there held that the receipt given by a third person, acknowledging payment of money, was admissible if the receiptor was unavailable to testify. Cases from other jurisdictions hold that a receipt incident to a transaction is admissible. *Zerbinos* v. *Lewis,* 394 P. 2d 886 (Alaska 1964); *American Medical & Dental Ass'n.* v. *Brown,* 344 P. 2d 189 (Col. 1959).

For error in refusing to admit the receipt in evidence the case must be reversed.

Point V. *The trial court erred in giving an instruction on the presumption of possession of recently stolen property*. Appellant does not attack the phraseology of the instruction and in fact it is recognized as a stock instruction on that theory of the law. Appellant simply says that it is unfair and forces the appellant to testify. We hold the instruction to be a correct statement of the law.

Point VI. *The trial court erred in instructing the jury on circumstantial evidence*. We reject the argument. The instruction given virtually duplicates an instruction in the recent case of *Blanton* v. *State*, 249 Ark. 181, 458 S.W. 2d 373 (1970). It is not contended that the instruction is an incorrect statement of the law, being many times approved in previous decisions of this court. We might add appellant failed to timely raise an objection to the instruction and actually inserted the objection after the jury had deliberated for some time.

We have treated all the points raised on appeal because they are likely to arise on retrial.

Reversed and remanded.