## Jack LAMPKIN *v.* STATE of Arkansas

CR 80-78                                         607 S.W. 2d 397

Supreme Court of Arkansas

Opinion delivered November 17, 1980

*Howard & Howard*, by: *William B. Howard*, for appellant.

*Steve Clark*, Atty. Gen., by: *Victra L. Fewell*, Asst. Atty. Gen., for appellee.

JOHN I. PURTLE, Justice. At the close of the state's evidence in the trial of appellant for murder in the first degree the court directed a verdict of acquittal on the charge of murder in the first degree but continued the trial on murder in the second degree and the lesser included offenses of man-

slaughter and negligent homicide. The jury found appellant guilty of murder in the second degree and assessed his punishment at ten years in the Department of Correction.

On appeal appellant argues he was placed in double jeopardy and that the court erred in giving AMCI 109 without modification as requested. A third point designated but not argued will not be considered. We do not agree with appellant on either argument.

Appellant advances the unusual argument that he was placed in jeopardy for a class A felony, murder in the first degree, with a penalty from five years to life. He alleges that any sentence above the five-year minimum allowable for the class A felony amounted to double jeopardy, since the trial court directed an acquittal on the class A felony. In this case the class B felony, murder in the second degree, carried a possible penalty from 3 to 20 years. Therefore, he alleges the overlapping possible sentences, anything over five years, amounted to double jeopardy. He does not argue the inadequacy of the evidence for conviction of second degree murder. The trial court directed the verdict of acquittal on murder in the first degree at the close of the state's evidence and rejected the motion for a directed verdict on murder in the second degree at the close of all the evidence. The trial continued on the charge of murder in the second degree as well as manslaughter and negligent homicide. Instructions were given on these offenses without objection by the appellant.

Appellant cites the cases of *Johnson* v. *State*, 29 Ark. 31 (1874), and *Ex Parte Lange*, 85 U.S. 163, 18 Wall. 163, 21 L. Ed. 872 (1873), in support of his argument on double jeopardy. In *Johnson* the accused was tried for first degree murder and convicted of second degree murder. The case was reversed, and Johnson was tried and convicted of murder in the first degree and sentenced to death. We reversed and remanded in holding that the accused was placed in jeopardy twice for first degree murder and that he could only be tried the second time for second degree murder. In *Lange* the accused was convicted of a crime and sentenced to a fine and imprisonment. The accused immediately paid the fine. The statute authorized a fine *or* imprisonment. After paying the fine Lange

successfully argued double jeopardy on the sentence of imprisonment. We do not find either case supports the appellant's argument.

*North Carolina* v. *Pearce*, 395 U.S. 711 (1969), holds that the constitutional prohibition against double jeopardy consists of three guarantees: (1) it protects against a second prosecution for the same offense after acquittal; (2) it protects against a second prosecution for the same offense after a conviction; and (3) it protects against multiple punishments for the same offense. We do not find that the conviction here violates any of the above guarantees. There was only one trial and one conviction. Therefore, the appellant has not been placed in jeopardy twice for the same offense nor sentenced to more than one punishment.

In *Chaney* v. *State*, 256 Ark. 198, 506 S.W. 2d 134 (1974), the defendant was charged with murder in the first degree and convicted of murder in the second degree. We affirmed the conviction and the sentence of 21 years. We held that murder in the second degree was a lesser included offense of murder in the first degree and it was proper to instruct the jury on murder in the second degree even if the defendant objected to such instructions. The present case presents the same problem, and we reach the same conclusion we reached in *Chaney*. See also *Dixon* v. *State*, 268 Ark. 471, 598 S.W. 2d 755 (1980). We held in *Caton* v. *State*, 252 Ark. 420, 479 S.W. 2d 537 (1972), that a defendant may be convicted of a lesser included offense when the higher offense contains all of the necessary allegations of the lesser included offense.

The second point argued by appellant is that the court improperly gave the jury instruction AMCI 109. This instruction with the requested change underlined would read as follows:

You are also instructed that there is a presumption of the defendant's innocence in a criminal prosecution. In this case, Jack Lampkin is presumed to be innocent. That presumption of innocence should continue and prevail in your minds *unless and* until you are convinced of his guilty beyond a reasonable doubt.

Appellant requested the words "unless and" be inserted following the word "minds" and before the word "until." It is appellant's contention that the standard version of this instruction implies to the jury that the state is definitely going to convince them, at some point in the trial, that appellant is guilty beyond a reasonable doubt. The instructions are not given until the close of all the evidence, and it would seem highly unlikely for a juror to interpret this statute to mean that at some time before they receive the case the state would definitely prove the accused's guilt beyond a reasonable doubt. This instruction as given was taken verbatim from the Model Criminal Jury Instructions. This Court entered a per curiam on January 29, 1979, 264 Ark. 967 (1979), which requires the court give the AMCI instruction unless the trial judge finds that it does not accurately state the law. We think the instruction as given is a proper statement of the law and therefore was properly given. The appellant has presented no case which holds in favor of his argument. Even though the appellant's requested instruction may have also been a proper statement of the law, we hold that the instruction as given was correct. Therefore, no reversible error was committed.

Affirmed.