Jerry Dale BLANEY *v.* STATE of Arkansas

CR 83-86 657 S.W.2d 531

Supreme Court of Arkansas
Opinion delivered September 19, 1983
[Rehearing denied October 17, 1983.]

*Williams G. Crowe* and *James H. Phillips,* for appellant.

*Steve Clark,* Atty. Gen., by: *Theodore Holder,* Asst. Atty. Gen., for appellee.

ROBERT H. DUDLEY, Justice. Jerry Dale Blaney, appellant, killed his wife, LaDonna Smith Blaney, at their residence on Stuart Road in Pulaski County on August 15, 1981. The jury found him guilty of second degree murder. The Court of Appeals transferred the case to this Court on the jurisdictional ground that one of the points on appeal involves an interpretation of the Constitution of Arkansas. *See* Rule 29 (1)(a). We affirm the conviction.

Appellant's first point on appeal is that the trial court improperly commented on the evidence in violation of Ark. Const. art. 7, § 23. During the state's closing argument the appellant raised an objection and the trial judge then made the ruling. The appellant now contends that the ruling constituted an impermissible comment on the evidence, but no objection was made to the ruling or supposed comment.

The trial court was never apprised of the alleged error and was never given the opportunity to correct any error which might have been committed. The alleged error was not preserved for appellate review and does not fall within the exceptions to the requirement that objections be made at the trial level. *Wicks* v. *State,* 270 Ark. 781, 606 S.W.2d 366 (1980).

Appellant next contends that there is not sufficient evidence to sustain the verdict. Before setting out the evidence we point out that although the jury should be instructed, as it was here, that circumstantial evidence must be consistent with the guilt of the defendant and inconsistent with any other reasonable conclusion, AMCI 106, that is not the standard by which we review the evidence. We determine whether the verdict is supported by substantial evidence, which means whether the jury could have reached its conclusion without having to resort to speculation or conjecture. *Cassell* v. *State,* 273 Ark. 59, 616 S.W.2d 485 (1981). In determining the sufficiency of the evidence, the evidence and all of its reasonable inferences are viewed most favorably to the appellee. *Hamby* v. *Haskins,* 275 Ark. 385, 630 S.W.2d 37 (1982).

The testimony revealed that appellant and the victim had been married a little over three years at the time of the murder. Cynthia Spillers, the victim's best friend, testified that appellant and the victim were constantly fighting and quarreling. Appellant admitted that at one time the victim filed a divorce action against him.

Cynthia Spillers testified that on Thanksgiving Day, 1979, the appellant and some of the members of the victim's family became embroiled in an argument and that appellant got a gun, grabbed the victim and told the family that he would shoot her if they "did not shut up," and went outside and twice fired the pistol.

Spillers also testified that two weeks before the murder the appellant screamed at the victim, "if she didn't shut up, he was going to fill her full of red lead."

Appellant, in his statement to the police, plainly admits that he pulled the pistol.

I work the midnight to 8:00 a.m. shift at Skaggs. I got off work this morning and drank a couple of beers with guys I work with. I got home about 9:30 a.m. and went to bed. My wife was gone. I think she was looking for me. I had been asleep when she came in. LaDonna was upset and hollering at me for not coming home on time. I had told her to leave me alone. She grabbed me and we got to scuffling. I keep a .357 on the table beside my bed for my wife. I grabbed the gun and we was fighting over it.

We were on the bed when we were fighting over the gun. I don't remember pulling the trigger, but after the shot, LaDonna was bleeding. I ran next door to get my mother. And I called the operator to get an ambulance and the police. I had pulled the gun on her before, but I always put it down until this time.

The State medical examiner testified that a trace metal test revealed that the victim did not handle the gun and an additional test for gunpowder on her hands indicated she was not holding the gun when it was fired. He further testified that, based on the stippling and the gunpowder residue on her arm and face, it was his opinion that the victim was in a defensive position shielding her face from the pistol which was eighteen to twenty-four inches from her face, when she was killed. Obviously, the verdict is supported by substantial evidence.

Appellant's final point involves the trial court's refusal to give two proposed instructions. The first is not included in our Model Criminal Jury Instructions. Non-model instructions are to be given only when the trial judge finds that an AMCI instruction does not accurately state the law or AMCI does not contain an instruction on a needed subject. *Lampkin* v. *State*, 271 Ark. 147, 607 S.W.2d 397 (1980).

Appellant contends that his proposed instruction, which is the subject of the accident, is a needed instruction on a subject matter not covered by AMCI. We find no merit in the contention. The subject matter of accident is intentionally omitted from AMCI. Like alibi, accident was an instruction often given by trial courts in the past, but it is neither a defense nor an affirmative defense under the

Arkansas Criminal Code. Rather, it is a position which a defendant may assert to create a reasonable doubt of guilt. *See* AMCI 4008. The pre-code statute on misfortune or accident, Ark. Stat. Ann. § 41-116 (Repl. 1964) cited in *Brewer* v. *State,* 251 Ark. 7, 470 S.W.2d 590 (1971) was repealed by Act 928 of 1975 which became effective simultaneously with the criminal code. Under the code every offense is defined to require that a person act either purposely, knowingly, recklessly, or negligently with respect to conduct, attendant circumstances or the result of conduct. *See* Ark. Stat. Ann. § 41-203 (Repl. 1977) (paragraphs four and five of Commentary). The instructions given required the state to prove beyond a reasonable doubt the appellant's culpable mental state. The subject matter was adequately covered.

Appellant asserts that the court erred in refusing to give his requested instruction, AMCI 4104, on justification to use physical force. We find no error. First, the appellant contended throughout the trial that the victim was killed by an accidental discharge of the pistol. Obviously, a claim of accidental discharge of a weapon does not entitle one to an instruction on a deliberate act of self-defense. Secondly, a part of appellant's testimony can be construed to mean that he intentionally picked up the pistol only for the purpose of striking the decedent. *See Jordon* v. *State,* 238 Ark. 398, 382 S.W.2d 185 (1964) for a similar fact situation. However, at no time in the case at bar did appellant offer any testimony that he was in fear of being killed or injured. *See* AMCI 4104. In fact, he testified that he was not afraid of the decedent, that he weighed between 180 and 192 pounds, was strong and was not afraid that she could beat him up without a gun. There is no error in the refusal to give an instruction where there is no evidence to support the giving of that instruction. *Couch* v. *State,* 274 Ark. 29, 621 S.W.2d 694 (1981).

Affirmed.