Ed BAILEY *v.* STATE of Arkansas

CR 84-202                                    682 S.W.2d 734

Supreme Court of Arkansas
Opinion delivered January 14, 1985

*Greene Law Office,* for appellant.

*Steve Clark,* Att'y Gen., by: *Patricia G. Cherry,* Asst. Att'y Gen., for appellee.

STEELE HAYS, Justice. Edward Lee Bailey was charged by felony information with battery in the first degree, a class B felony. In a preliminary hearing before the Little Rock Municipal Court to establish probable cause, the state called two witnesses to show that Bailey had become angry when Jessie Lee Henson was unable to pay for two beers and a hot dog in Bailey's club. Henson said he asked his companion, Don Stewart, to go outside to the car and bring in Henson's billfold, but Bailey grabbed Stewart, drew a pistol and, according to Stewart and Henson, shot Henson in the throat, leaving him severly handicapped. No one testified for the defense.

Arguing that the shooting could have been accidental, Bailey asked that the charge be lowered to third degree battery, a misdemeanor. The municipal judge reduced the charge as requested, fining Bailey $850 and suspending a one year jail sentence.

The state refiled the original felony charges in Circuit court where Bailey was convicted by a jury verdict and a sentence of eight years in the Department of Correction was imposed. On appeal, Bailey argues that Article 2, Section 8, of the Constitution of Arkansas, providing that no one shall be twice put in jeopardy of life or liberty, was violated by the trial in Circuit Court, after he had been tried and convicted in the Little Rock Municipal Court for the same offense.

The answer to appellant's argument lies in the fact that jeopardy did not attach by reason of the preliminary hearing before the Little Rock Municipal Court. Felonies are heard by municipal courts only to determine whether probable cause exists and municipal courts may either bind the accused over to the circuit court or, if the proof is lacking, release the accused from custody. See Ark. Stat. Ann. § 22-709 (Repl. 1962), §§ 43-603, 618 and 619 (Repl. 1977). In the latter event, the state may pursue the charge directly in circuit court. A municipal court has no jurisdiction to render a final judgment on a felony information, and it may not reduce a felony to a misdemeanor. To do so, would be rendering a final judgment. *McArthur* v. *Circuit Court of Pulaski County,* 253 Ark. 501, 488 S.W.2d 5 (1972).

Appellant cites us to *Decker* v. *State,* 251 Ark. 28, 471 S.W.2d 343 (1971), where we held that double jeopardy did *not* attach. Decker had escaped from an arresting police officer by drawing a concealed weapon; he took the officer's service revolver and fled, later to be recaptured. Decker pleaded guilty in municipal court to the crime of drawing a weapon on a law officer, a misdemeanor. Afterwards he was charged with robbing the officer of his revolver, a felony. We rejected his double jeopardy argument because two separate crimes had been committed. Bailey now submits by analogy we should find double jeopardy because a single crime is involved in this case as opposed to the two crimes in *Decker.*

The argument overlooks the fact that, unlike the *Decker* case, the state did not initially charge Bailey with a misdemeanor and proceed to trial in municipal court. Had it done so, double jeopardy would prevent a second trial where separate crimes are not involved.

The judgment is affirmed.

PURTLE, J., dissents.

HOLT, C.J., and NEWBERN, J., not participating.

JOHN I. PURTLE, Justice, dissenting. I disagree with the majority opinion because it overlooks the fact that appellant was tried and convicted in municipal court on a misdemeanor third degree battery charge, a lesser included offense of first degree battery. Certainly the municipal court did not have jurisdiction to try a felony case. It did have authority to conduct the preliminary hearing. Arkansas Stat. Ann. § 43-603 states:

> Where the arrest is made in the county in which the offense is charged to have been committed, the magistrate before whom the defendant is carried, shall forthwith proceed to an examination of the charge; and, if the offense charged be a felony, shall commit, hold to bail or discharge, as the case may be; or, if he have jurisdiction to hear and finally try the charge, shall proceed to final determination and judgment therein.

A person commits battery in the third degree if he purposely causes injury to another person or negligently causes physical injury to another person by means of a deadly weapon. Arkansas Stat. Ann. § 41-1603. He commits battery in the first degree if with the purpose of causing serious physical injury to another person, he causes serious physical injury to any person by means of a deadly weapon. Ark. Stat. Ann. § 41-1601 (1) (a).

It seems logical that if the magistrate has the authority to admit to bail or to discharge the accused he has the

authority to convict for a misdemeanor. Arkansas Stat. Ann. § 43-603 states in part: "[T]he magistrate . . . if he has jurisdiction to hear and finally try the charge, shall proceed to final determination and judgment therein." Certainly the municipal court had jurisdiction to convict the appellant of battery in the third degree which is a misdemeanor. The only difference in first and third degree battery in the circumstances of this case is whether the shooting was intentional or negligent. As the trier of fact the municipal court had the duty to decide this issue and obviously found the shooting was unintentional.

Allowing the prosecutor to file directly in Circuit Court after losing in municipal court gives the state two bites at the apple and places an accused in jeopardy a second time for the same offense if the municipal court fails to convict. At any time before a trial is held in municipal court the state has the right to bypass the municipal court and file a felony information directly in Circuit Court, even though the pending charges in municipal court were misdemeanors. *McArthur* v. *Pulaski County Circuit Court*, 253 Ark. 501, 488 S.W.2d 5 (1972). At page 504 of *McArthur* this court stated: "If the state had, after the violation of this act was held to be a misdemeanor by this court, and before any information had been filed in the circuit court, instituted charges in the municipal court, we would agree that the municipal court had acquired jurisdiction." That is virtually the same situation present in this case.

The majority opinion cites *Decker* v. *State*, 251 Ark. 28, 471 S.W.2d 343 (1971), as holding that jeopardy did not attach when Decker was tried and convicted on a misdemeanor count in municipal court. This court held that *Decker* that there were two separate crimes committed and the finding of guilt on the misdemeanor charge of drawing a weapon had nothing whatsoever to do with the felony charge of robbery. Therefore, *Decker* is inapposite to the present case.

The state was present and participated in the hearing of this case in municipal court and at the conclusion of the trial the court found the evidence presented warranted a third

degree battery conviction. Accordingly, sentence was imposed and executed by payment of the fine and commencement of serving the suspended sentence. Although I personally may have held that appellant should be bound over, I cannot hold as a matter of law that the municipal court abused its descretion.

Where there has been no trial on the merits of a case in municipal court or the trial if held was fraudulent or collusive there is no bar to filing an information directly in Circuit Court. *State* v. *Cheek,* 25 Ark. 206 (1868); *Bradley* v. *State,* 32 Ark. 722 (1878). If tried and a valid sentence is imposed, however, it is a bar to additional punishment. *Lampkin* v. *State,* 271 Ark. 147, 607 S.W.2d 397 (1980).