Albert WATSON v. STATE of Arkansas

CR 91-291                                   826 S.W.2d 281

Supreme Court of Arkansas
Opinion delivered March 23, 1992

*Daniel D. Becker*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Gil Dudley*, Asst. Att'y Gen., for appellee.

DONALD L. CORBIN, Justice. Appellant Albert Watson urges this court to reverse his conviction for the rape of an eleven-year-old girl in November 1990. A Garland County jury convicted appellant, and sentenced him as an habitual offender to forty years imprisonment in the Arkansas Department of Correction. Appellant relies on four points for reversal, all of which are affirmable.

Appellant's first argument for reversal asserts that the trial court erred in denying appellant's motion to suppress a videotape and photographic stills filmed by police during a search of appellant's residence. The alleged rape occurred in November

1990, but a search warrant was not issued and executed until January 3, 1991. According to appellant, the lapse of time between the alleged rape and the search warrant proceedings either negated or diminished probable cause because appellant was not violating the law at the time the warrant was issued.

In reviewing a trial judge's ruling on a motion to suppress, we make an independent determination based on the totality of the circumstances and reverse only if the ruling is clearly against the preponderance of the evidence. *Cherry* v. *State*, 302 Ark. 462, 791 S.W.2d 354 (1990); *Campbell* v. *State*, 294 Ark. 639, 746 S.W.2d 37 (1988).

In this case, the warrant to search appellant's residence was supported by the affidavit of Investigator Todd Sanders. Sanders averred that appellant's neighbor, Donald Lybarger, contacted him on December 21, 1990, after Lybarger discovered sexually explicit photographs on the ground near appellant's residence. The photographs depicted the act of sexual intercourse, between a young female and a male with only his genitalia exposed. On January 3, 1991, Sanders identified the female in the photographs, and conducted an interview with her in the Garland County Sheriff's office. During the interview, the victim identified appellant as the male in the photographs, and stated that appellant took the pictures in November 1990, at appellant's residence.

Sanders obtained and executed a search warrant on January 3, 1991, the same day that the victim first identified appellant as the man in the photographs. During the search, Sanders video-taped the interior of appellant's residence. The video depicted a sheet on appellant's bed which appeared identical to a sheet depicted in the photographs found by Lybarger. On January 6, 1991, appellant was arrested and charged with rape. At trial, the state admitted the photographs found by Lybarger and photographic stills from the videotape of the search of appellant's residence.

Appellant argues that probable cause did not exist because appellant was not violating the law at the time the warrant was issued. However, appellant's argument overemphasizes the significance of a time lapse in the context of determining a warrant's validity. While probable cause must exist at the time

the warrant is issued, not at an earlier time, *United States* v. *Stevens*, 525 F.2d 33 (8th Cir. 1975), a lapse of time is not necessarily the controlling consideration. *United States* v. *Ellison*, 793 F.2d 942 (8th Cir.), *cert. denied*, 470 U.S. 415 (1986). Other factors include the nature of the criminal activity and the type of property sought, considered in the light of common sense. *Id.*

■ In this case, the items specified in the search warrant included cameras, telephones, and items of identification tending to identify the individual in control of the residence. Such items are not *per se* inculpatory. In the federal case *United States* v. *Pelham*, 749 F. Supp. 304 (D.D.C. 1990), the district court noted that a delay is less significant when the search warrant lists items innocent on their face as opposed to *per se* inculpatory items that probably would remain in a suspect's residence for a short period of time.

■ In this case, the search warrant was obtained and executed the same day the police ascertained appellant's identity and within two months of the alleged rape. Based on the totality of the circumstances, considered in the light of common sense, we believe the magistrate had probable cause to issue the search warrant for appellant's residence.

Appellant's final three arguments allege error in the trial court's admission of the sexually explicit photographs discovered by appellant's neighbor. Appellant argues that the photographs were unduly prejudicial and cumulative.

■ This court has consistently held that the question of prejudicial effect versus probative value is a matter addressed to the discretion of the trial judge. *Ward* v. *State*, 308 Ark. 415, 827 S.W.2d 110 (1992); *Bennett* v. *State*, 297 Ark. 115, 759 S.W.2d 799 (1988). On appeal, this court will not disturb the trial court's decision in the absence of manifest abuse of that discretion. *Ward, supra.*

■ One challenged photograph, State's Exhibit No. Four, depicts a nude female, later identified as the victim, lying on a bed with her genitalia fully exposed. Appellant argues that this picture is not probative to the rape charge because the photograph does not depict the act of sexual intercourse. However, this

photograph provides the most identifiable view of the victim's face. Consequently, as the state points out, this picture is relevant to show that the photographed female was indeed the victim. Since the photograph corroborates the victim's testimony that appellant raped her, we discern no abuse of discretion.

State's Exhibits Nos. One, Two, and Three are photographs depicting the act of sexual intercourse. The victim identified herself and appellant in the photograph. Exhibit No. Three is distinguishable from exhibits Nos. One and Two because the victim is wearing a shirt. Appellant's sole objection to these photographs at trial was to the cumulative or duplicative effect of admitting both photographs. We reject this argument since we have held that photographic evidence is not inadmissible on grounds that it is cumulative or unnecessary due to admitted or proven facts. *Cotton* v. *State*, 276 Ark. 282, 634 S.W.2d 127 (1982). On appeal, appellant argues that the photographs were unduly prejudicial. However, he did not raise the argument at trial and we will not address it on appeal. *Johnson* v. *State*, 308 Ark. 7, 823 S.W.2d 800 (1992); *Blaney* v. *State*, 280 Ark. 253, 657 S.W.2d 531 (1983).

Affirmed.