James Lawrence BLEVINS *v.* STATE of Arkansas

CR 92-636                                        837 S.W.2d 879

Supreme Court of Arkansas
Opinion delivered October 5, 1992

*Daniel D. Becker* and *Terri L. Harris*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Brad Newman*, Asst. Att'y Gen., for appellee.

DAVID NEWBERN, Justice. James Lawrence Blevins, the appellant, was convicted of aggravated robbery of a restaurant in Hot Springs and sentenced to life imprisonment as an habitual offender. He contends the identification evidence used against him should have been suppressed because it resulted from the vehicle in which he was riding after the offense being illegally stopped. We find the stop was justified. The conviction is affirmed.

The crime occurred on November 7, 1991, at about 8:50 p.m. when two men entered the restaurant. One was armed with a knife and threatened the employees, while the other took $250.00. The robbers then left on foot, and an immediate call was made to the police. Officer Willis, who was nearby in an unmarked patrol car responded, and enroute to the restaurant, he observed a single

car in the area of the crime scene. He saw the driver who fit the general description of the robbers. He followed the car for six blocks. When backup officers arrived he stopped the car.

Three males emerged from the car. Two of them, including Blevins, apparently had been staying down in the back seat so as not to be observed. A search of the driver and the occupants revealed $250.00 and a knife. One of the victims was brought to the scene of the stop where she immediately identified Blevins as one of the men who had robbed the restaurant.

Prior to trial Blevins moved to suppress the pre-arrest identification and any in-court identification alleging that the identification occurred as a result of an unlawful stop and detention. A hearing was held during which Officer Willis and the witness who made the identification testified. Officer Willis said he received the call concerning the incident. He was given a general description of two men and told that they were leaving the area on foot going east on Maurice Street. He arrived at the scene less than 25 seconds later at which time he observed no one on foot and the one car leaving the area. He stopped the car.

Officer Willis testified that he made the stop because there was no other foot or vehicle traffic in the area and, at minimum, the driver could have been a witness to the incident. The other witness, one of the robbery victims, stated she had a good opportunity to observe Blevins in a well lighted area. She added that she was taken to the scene of the stopped car approximately 10 minutes after the incident and was able to identify Blevins as one of the robbers.

The Trial Court denied the motion to suppress and found facts in support of reasonable suspicion to stop the vehicle pursuant to Ark. R. Crim. P. 3.1.

## 1. Suppression

Reviewing the denial of a motion to suppress we make an independent examination based upon the totality of the circumstances and reverse only if the decision of the Trial Court was clearly against the preponderance of the evidence. *Watson* v. *State*, 308 Ark. 643, 826 S.W.2d 281 (1992).

Blevins argues the officer had no proper basis for stopping

the vehicle in which he was riding as the report broadcast was that two men were leaving the scene on foot, thus there was no basis for stopping an automobile with only one person (the driver) visible in it. His argument is that there was no "reasonable suspicion" for the stop as required by Ark. R. Crim. P. 3.1. The Trial Court found the stop proper under Rule 3.1, and the State argues here that the ruling should be affirmed.

The State also argues that even if the stop did not meet the reasonable suspicion requirement of Rule 3.1, it was a proper one under Ark. R. Crim. P. 2.2 We agree with the latter argument, and thus need not decide whether there was reasonable suspicion that the driver of the car had committed an offense.

The officer stated he felt the vehicle's occupant could have been a witness. Ark. R. Crim. P. 2.2 provides:

Authority to Request Cooperation.

(a) A law enforcement officer may request any person to furnish information or otherwise cooperate in the investigation or prevention of crime. The officer may request the person to respond to questions, to appear at a police station, or to comply with any other reasonable request.

(b) In making a request pursuant to this rule, no law enforcement officer shall indicate that a person is legally obligated to furnish information or to otherwise cooperate if no such legal obligation exists. Compliance with the request for information or other cooperation hereunder shall not be regarded involuntary or coerced solely on the ground that such a request was made by a law enforcement officer.

In a similar case we approved a stop of a vehicle spotted at some distance from the scene of a crime. In *Baxter* v. *State*, 274 Ark. 539, 626 S.W.2d 935 (1982), we considered a challenge to the stop of a vehicle where the robbers who committed the robbery in question were seen leaving from the rear door of the jewelry store, which placed them in a wooded area adjacent to and approximately one-fourth mile from a city park. It was in this park that the vehicle occupied by Baxter was seen by an officer shortly after the robbery information was broadcast, driving away from the scene of the crime. We concluded that the officer

had reasonable justification for believing Baxter might well have seen the robbers as they fled into the wooded area in the direction of the park, as there were no leaves on the trees and Baxter was the only person visible in the park. We also found that the intrusion into Baxter's right of privacy and freedom of movement when stopped by the officer for questioning was minimal as compared to the governmental interest in investigating a very serious crime.

Officer Willis was justified in stopping the car, thus the identification evidence which resulted was properly admitted into evidence.

### 2. Rule 11 (f)

The record has been examined in accordance with Ark. Sup. Ct. R. 11(f). There were no rulings adverse to the appellant which constituted prejudicial error.

Affirmed.