SLIP OPINION

Cite as 2016 Ark. 306

# SUPREME COURT OF ARKANSAS.

No. CR–14–447

|  |  |
|---|---|
| LARRY EUGENE WALDEN<br>APPELLANT | **Opinion Delivered** September 15, 2016 |
| V. | APPEAL FROM THE SEBASTIAN COUNTY CIRCUIT COURT, FORT SMITH DISTRICT<br>[NO. 66CR-09-676] |
| STATE OF ARKANSAS<br>APPELLEE | HONORABLE J. MICHAEL FITZHUGH, JUDGE |
|  | <u>AFFIRMED</u>. |

**PER CURIAM**

In 2011, appellant Larry Eugene Walden was found guilty by a jury of aggravated robbery and sentenced as a habitual offender to 720 months' imprisonment. The Arkansas Court of Appeals affirmed. *Walden v. State*, 2012 Ark. App. 307, 419 S.W.3d 739.

Walden subsequently filed in the trial court a timely, verified petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2011). The petition was denied, and Walden appealed to this court. We reversed the order and remanded the matter to the trial court for entry of an order that complied with Rule 37.3(a). *Walden v. State*, 2014 Ark. 10 (per curiam).

On remand, the trial court held a hearing on the petition and again denied postconviction relief. Walden brings this appeal. Any issues that were argued below, but not raised in this appeal, are considered abandoned. *Williams v. State*, 2011 Ark. 489, 385 S.W.3d 228.

SLIP OPINION

Walden's Rule 37.1 petition was based on numerous claims that his trial attorney, Timothy Sharum, was ineffective, all of which the trial court rejected. We find no error and affirm the order.

This court will not reverse the trial court's decision granting or denying postconviction relief unless it is clearly erroneous. *Kemp v. State*, 347 Ark. 52, 55, 60 S.W.3d 404, 406 (2001). A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed. *Id*. When considering an appeal from a trial court's denial of a Rule 37.1 petition based on ineffective assistance of counsel, the sole question presented is whether, based on the totality of the evidence under the standard set forth by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 104 (1984), the trial court clearly erred in holding that counsel's performance was not ineffective. *Taylor v. State*, 2013 Ark. 146, 427 S.W.3d 29. Under the two-prong standard outlined in *Strickland*, to prevail on a claim of ineffective assistance of counsel, the petitioner must show that (1) counsel's performance was deficient and (2) the deficient performance prejudiced his defense. *Adkins v. State*, 2015 Ark. 336, 469 S.W.3d 790. The reviewing court must indulge in a strong presumption that trial counsel's conduct falls within the wide range of reasonable professional assistance. *Id*. The petitioner claiming ineffective assistance of counsel has the burden of overcoming this presumption by identifying specific acts or omissions of trial counsel, which, when viewed from counsel's perspective at the time of the trial, could not have been the result of reasonable professional judgment. *Id*. The second prong requires a petitioner to show that counsel's deficient performance so prejudiced his

SLIP OPINION

defense that he was deprived of a fair trial. *Holloway v. State*, 2013 Ark. 140, 426 S.W.3d 462. Consequently, the petitioner must show there is a reasonable probability that, but for counsel's errors, the fact-finder would have had a reasonable doubt respecting guilt, i.e., the decision reached would have been different absent the errors. *Howard v. State*, 367 Ark. 18, 238 S.W.3d 24 (2006). A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. *Id.* Unless a petitioner makes both showings, it cannot be said that the conviction resulted from a breakdown in the adversarial process that renders the result unreliable. *Houghton v. State*, 2015 Ark. 252, 464 S.W.3d 922. Finally, conclusory statements that counsel was ineffective cannot be the basis for postconviction relief. *Id.*; *Anderson v. State*, 2011 Ark. 488, 385 S.W.3d 783.

The charge of aggravated robbery against Walden arose from an incident at a bank in Fort Smith in 2009 in which Walden handed a teller a bag with a note that said, "This is a robbery. I have a gun. Give me all your money, no red dye pack." The teller testified that she took money from her till and placed it in the bag because of Walden's "menacing scowl" and the implied threat to her life. Prior to instruction of the jury by the trial court, Walden requested an instruction on the lesser-included offense of robbery. The trial court declined to give the instruction on robbery. On direct appeal, the court of appeals did not reach the trial court's decision to deny the instruction on the lesser-included offense of robbery because Walden did not proffer the instruction. *Walden*, 2012 Ark. App. 307, 419 S.W.3d 739.

Walden alleged in his Rule 37.1 petition that the failure of his counsel, Sharum, to proffer the instruction amounted to ineffective assistance of counsel because the instruction

SLIP OPINION

was warranted and because the court of appeals would have reversed the judgment had the proffer been given. The trial court held in its order that counsel was not ineffective because Walden was not entitled to the instruction on the ground that the evidence that Walden had committed aggravated robbery was conclusive; therefore, there was no requirement that the jury be instructed on mere robbery.

We agree. We need not reiterate the discussion by the court of appeals in its decision finding that Walden's conduct satisfied the elements of aggravated robbery as defined by Arkansas Code Annotated section 5-12-103 (Repl. 2006). *Walden*, 2012 Ark. App. 307, at 6–7, 419 S.W.3d at 743. As there was substantial evidence that Walden committed aggravated robbery, he did not establish that there is a reasonable probability that the outcome of his trial would have been different had the lesser-included-offense instruction been given or that the court of appeals would have reversed the judgment had there been a proffer of the instruction. *See Sweet v. State*, 2011 Ark. 20, 370 S.W.3d 510 (holding that when the evidence adduced at trial was conclusive to show that aggravated robbery was committed, the trial court was not required to administer a jury instruction on the lesser-included offense of ordinary robbery).

Walden's next point for reversal of the trial court's order pertains to his having been convicted as a habitual offender at the Arkansas trial based on his prior convictions in federal court in Oklahoma of three counts of robbery. Walden contended in his Rule 37.1 petition, as he does in this appeal, that Sharum was ineffective on the ground that Sharum, before Walden was tried for aggravated robbery in Arkansas, erred in advising him to plead guilty

to the three robbery counts in federal court in Oklahoma and thus caused him to be sentenced as a habitual offender in Arkansas.

The trial court noted in its order that Sharum had no authority to advise Walden on his pending federal charges,[1] that Sharum testified at the hearing that he had told Walden to listen to his attorney in the federal court proceedings, and that Walden admitted at the Rule 37.1 hearing that Sharum had not expressly advised him to plead guilty in federal court. Rather, Walden contended at the hearing that Sharum was remiss by *not* communicating with him about the federal court pleas and that he should have "stepped in and done something about it," and faulted Sharum for not advising him "in any way, shape, or form." It appears that Walden's allegations concerning Sharum's conduct with respect to the federal court pleas was founded on the erroneous assumption that Sharum had an obligation to advise him about the federal court pleas because those pleas might affect his status as a habitual offender in his Arkansas trial. If so, he did not demonstrate that Sharum had such a duty or that he was remiss within the bounds of *Strickland* in the Arkansas proceedings by not advising him on the federal charges.

Next, Walden argues that Sharum erred by resting the defense case without permitting him to testify on his own behalf. The Supreme Court of the United States has held that a criminal defendant has a right to testify on his own behalf if he chooses to do so. *Rock v. Arkansas*, 483 U.S. 44 (1987). Counsel may only advise the accused in making the decision. *Sartin v. State*, 2012 Ark. 155, at 7–8, 400 S.W.3d 694, 699–700; *Chenowith v.*

---

[1] Walden was represented by counsel in the federal court proceedings.

*State*, 341 Ark. 722, 19 S.W.3d 612 (2000) (per curiam).  This court has consistently held, however, that the mere fact that a defendant did not testify is not, in and of itself, a basis for postconviction relief.  *See, e.g.*, *Dansby v. State*, 347 Ark. 674, 66 S.W.3d 585 (2002).  Ordinarily, counsel's advice to the defendant not to testify is simply a matter of trial strategy.  *Williams v. State*, 2011 Ark. 489, at 12, 385 S.W.3d 228, 237; *Chenowith*, 341 Ark.  at 734, 19 S.W.3d at 618.  The lack of success with trial tactics in obtaining an acquittal does not equate with ineffective assistance of counsel.  *O'Rourke v. State*, 298 Ark. 144, 154, 765 S.W.2d 916, 922 (1989); *see also Fink v. State*, 280 Ark. 281, 658 S.W.2d 359 (1983).

Timothy Sharum testified at the evidentiary hearing that he had discussed with Walden before trial whether he should testify.  Sharum further testified that, after observing Walden testify at a pretrial hearing, he made the strategic decision to advise Walden not to testify at trial.  Counsel also feared that cross-examination of Walden by the State concerning the three prior robbery convictions in federal court would have been detrimental to the defense.

Sharum further said that he asked the court at the close of the defense case for a moment to confer with Walden.  He asked Walden at that time if he wished to take the stand, and Walden confirmed that he did not.  Another attorney, Christina Scherrey, who sat with Sharum at the defense table, also testified at the hearing.  She confirmed that Sharum had asked Walden at the close of the defense case if he wished to testify and informed Walden that "[t]his is the point that you can testify or not testify," and that Walden declined to take the stand.

The record on direct appeal does not reflect that Walden ever informed the court on the record that he desired to testify. We have held that, when a defendant remains silent even though he desires to testify, the defendant knowingly and voluntarily waives his right to testify. *Sartin*, 2012 Ark. 155, at 9, 400 S.W.3d at 700. While it clear that the right to testify is a fundamental right that may only be exercised by the defendant, neither this court nor the Supreme Court of the United States has held that a record must be made evincing a defendant's waiver of his right to testify and that failure of counsel to have his client make the declaration on the record does not constitute ineffective assistance of counsel. *Id.*

It should also be noted that the petitioner in a Rule 37.1 proceeding claiming ineffective assistance of counsel for failure of counsel to secure the petitioner's testimony at trial must make a showing that he expressed his desire to testify to counsel and that his failure to testify prejudiced the defense. *See State v. Franklin*, 351 Ark. 131, 137, 89 S.W.3d 865, 868 (2002). To establish prejudice, the defendant must state specifically what his testimony would have been. *See id.*; *see also Isom v. State*, 284 Ark. 426, 682 S.W.2d 755 (1985). Here, there was little showing of what Walden's testimony would have been had he testified beyond vague statements that Walden would have given the jury the whole story of the incident. He clearly made no showing of prejudice caused by ineffective assistance of counsel that would warrant vacating the judgment in his case under *Strickland*. *See Franklin*, 351 Ark. 131, 89 S.W.3d 865.

Walden further contends on appeal that the trial court erred in finding that counsel was not remiss in failing to object to the prosecution's introduction into evidence of a photograph taken by a security camera at the bank. Walden contended in his Rule 37.1

petition that the photograph constituted a "known misrepresentation of the evidence" by the prosecutor because the prosecutor said that it showed Walden lunging at the bank teller when he had in fact just handed her the bag and the note.

The trial court in its order stated that the trial transcript did not reflect that the prosecutor made such a statement, but, in any event, the claim was one of prosecutorial misconduct and such claims are not cognizable in a Rule 37.1 proceeding. Walden argues that the trial court was wrong not to address the claim as one of ineffective assistance of counsel.

In its brief, the appellee states that the trial transcript does not contain a statement by the prosecutor about Walden's "lunging" or any synonym for the word that would suggest that the State contended that Walden moved toward the teller. At the Rule 37.1 hearing, the court offered Walden the opportunity to read a copy of the partial trial record that the prosecutor brought to the hearing to locate the statement, but he declined to do so.

We take judicial notice that the trial transcript lodged on direct appeal is consolidated into the record for this postconviction appeal. *Green v. State*, 2014 Ark. 284, at 2 (per curiam) (citing *Drymon v. State*, 327 Ark. 375, 938 S.W.2d 825 (1997) (per curiam) (holding that the direct-appeal record is automatically considered to be consolidated with the postconviction-appeal record)). There is no reference in the prosecutor's opening statement, closing argument, or in the examination of the teller to Walden's moving threateningly toward the teller. Accordingly, Walden did not state facts to establish that there was any cause for counsel to object to any photograph or the prosecutor's comments on any photograph. It is well settled that counsel cannot be considered ineffective for failing

to make an objection or an argument that is without merit. *Watson v. State*, 2014 Ark. 203, at 8, 444 S.W.3d 835, 841; *Anthony v. State*, 2014 Ark. 195, at 15 (per curiam).

Without providing any particular argument concerning the point, Walden alleges that counsel should have objected to the bank teller's testimony that he had a "menacing look" during the crime. As the court noted in its order, counsel questioned the teller concerning Walden's expression, and she conceded that the expression could have been interpreted as a "blank stare." Walden argues that counsel should have further challenged the witness's testimony on the ground that she could not have seen a blank stare because he was wearing sunglasses at the time.

We recognize that the cross-examination of witnesses is a largely subjective issue about which seasoned advocates could disagree. *McNichols v. State*, 2014 Ark. 462, at 8, 448 S.W.3d 200, 206 (per curiam). An approach in examining a witness that may prove effective in one instance may fail entirely in another, and counsel is allowed great leeway in making strategic and tactical decisions concerning which questions to ask. *Robinson v. State*, 2014 Ark. 310, 439 S.W.3d 32 (per curiam). Here, there was evidence that Walden threatened the teller with the assertion that he was armed with a gun. Under the circumstances, and considering the totality of the evidence, as a court must do under *Strickland*, we cannot say that Walden made a showing of ineffective assistance of counsel.

Moreover, to the extent that the allegation was intended as a claim that the evidence did not show that the teller felt threatened by Walden's conduct, the allegation was essentially an assertion that the evidence was not sufficient to sustain the judgment that he committed an aggravated robbery. Rule 37.1, however, does not provide a means to

challenge the sufficiency of the evidence merely because the petitioner has raised the challenge in the guise of an allegation of ineffective assistance of counsel. *Nickelson v. State*, 2013 Ark. 252, at 4–5 (per curiam).

Walden also asks that the trial court's order be reversed on the ground that counsel "labored under a conflict of interest." As support for the claim, Walden in his Rule 37.1 petition and in his brief in this appeal lists the allegations of ineffective assistance of counsel contained in the petition as a whole. The allegations include the following "conflicts": counsel did not move for dismissal of the charge against him on the basis of a speedy-trial violation; counsel waived his right to testify in his own behalf; counsel advised him to plead guilty to the charges pending against him in federal court; counsel failed to proffer a jury instruction on robbery as a lesser-included offense to aggravated robbery; counsel failed to object to the prosecutor's introduction of a photograph that was described as showing him "lunging" at the teller; counsel failed to challenge the teller's testimony that he stared at her blankly because he was wearing sunglasses, and she could not have seen his eyes. None of the claims constituted a showing of a conflict of interest that merited postconviction relief under Rule 37.1.

An actual conflict of interest generally requires proof that counsel "actively represented conflicting interests" of third parties. *Townsend v. State*, 350 Ark. 129, at 134, 85 S.W.3d 526, 528 (2002). The allegations raised by Walden point to no evidence in the record of an actual conflict in that he merely recites allegations of ineffective assistance of counsel that are without merit, and he does not offer any facts to suggest, much less establish, a true conflict of interest. *See Nelson v. State*, 2014 Ark. 28 (per curiam) (holding that

prejudice arising from a conflict of interest is presumed only when counsel actively represents conflicting interests, and an actual conflict adversely affects counsel's performance).

We have held that, in the absence of an actual conflict, a petitioner alleging that counsel's performance was deficient due to another form of conflict must demonstrate a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* (citing *Mickens v. Taylor*, 535 U.S. 162 (2002)). Rather than support a claim of an actual conflict of interest, Walden's assertions are at most claims that his relationship with counsel was not productive in that he was found guilty of aggravated robbery. The mere fact that the trial resulted in a conviction, however, is not a proper gauge to determine counsel's competency. *Fink v. State*, 280 Ark. 281, at 284, 658 S.W.2d 359, 360 (1983). The Sixth Amendment does not guarantee a meaningful relationship between an accused and his counsel that results in a successful defense. *See Morris v. Slappy*, 461 U.S. 1, 14 (1983).

Finally, Walden argues at length that he was entitled to appointment of counsel to represent him at the Rule 37.1 hearing. As support for the argument, he cites *Martinez v. Ryan*, 566 U.S. ___, 132 S. Ct. 1309 (2012), and other precedent that he contends establishes his absolute right to appointment of counsel. While the trial court has the discretion to appoint counsel under Rule 37.3(b), we have rejected the argument that *Martinez* and other precedent mandates appointment of counsel for every Rule 37.1 hearing. *Mancia v. State*, 2015 Ark. 115, at 26, 459 S.W.3d 259, 275. Postconviction matters are considered civil in nature, and there is no absolute right to counsel. *Stalnaker v. State*, 2015

Ark. 250, at 10, 464 S.W.3d 466, 472 (per curiam); *McCuen v. State*, 328 Ark. 46, 56, 941 S.W.2d 397, 402 (1997).

In order to demonstrate an abuse of discretion by the trial court in declining to appoint counsel, an appellant must make some substantial showing that his petition included a meritorious claim. *Chunestudy v. State*, 2014 Ark. 345, at 9, 438 S.W.3d 923, 930 (per curiam). Our review of the Rule 37.1 proceeding in this appeal establishes that Walden did not make that showing.

Affirmed.

*Larry E. Walden*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Brad Newman*, Ass't Att'y Gen., for appellee