

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CR-15-817

| | |
|---|---|
| | **Opinion Delivered** May 17, 2017 |
| TROY LAURENCE MCCULLEY<br>APPELLANT | APPEAL FROM THE POINSETT COUNTY CIRCUIT COURT [NO. 56CR-12-50] |
| V. | |
| STATE OF ARKANSAS<br>APPELLEE | HONORABLE BRENT DAVIS, JUDGE |
| | AFFIRMED; MOTION DENIED |

## BRANDON J. HARRISON, Judge

Appellant Troy Laurence McCulley filed a petition for postconviction relief pursuant to Rule 37.1 of the Arkansas Rules of Criminal Procedure (2015), which was denied by the circuit court. McCulley was represented by counsel in the proceedings below, and after lodging an appeal, his postconviction counsel filed a motion to be relieved, which was granted by the Arkansas Supreme Court on December 10, 2015. *McCulley v. State*, No. CR-817 (Ark. Dec. 10, 2015) (order granting motion to be relieved). McCulley subsequently filed a pro se appellant's brief, appellee responded, and McCulley filed a pro se reply brief. After the issues on appeal were thoroughly briefed, McCulley filed a motion for appointment of counsel. For the reasons stated below, we affirm the circuit court's denial of postconviction relief, and McCulley's motion for appointment of counsel is therefore denied.

A jury convicted McCulley of one count of rape, three counts of felony possession of drug paraphernalia, and one count of misdemeanor possession of drug paraphernalia. He was sentenced to thirty years' imprisonment for rape, and a $1000 fine was imposed for each of the drug offenses. This court affirmed his convictions on direct appeal. *McCulley v. State*, 2014 Ark. App. 330.

McCulley filed a timely petition for postconviction relief and made numerous allegations of ineffective assistance of counsel, contending that his trial counsel failed to gain suppression of certain physical evidence, failed to object to the admission of a drug-screen analysis, and failed to object to the admission of irrelevant evidence and testimony. A hearing was conducted by the circuit court. The circuit court relied on the arguments presented at the hearing as well as an extensive review of the trial record and concluded that the arguments and objections that McCulley alleged trial counsel had erroneously failed to raise would have been meritless and otherwise would not have changed the outcome of his trial. On appeal, McCulley repeats some, but not all, of the claims raised below and argues that the circuit court erred by denying these claims for relief. The arguments that were made below but not raised on appeal are considered abandoned. *State v. Grisby*, 370 Ark. 66, 69, 257 S.W.3d 104, 107 (2007).

Our jurisdiction is pursuant to footnote 1 in *Barnes v. State*, 2017 Ark. 76, 511 S.W.3d 845 (per curiam). The appellate court will not reverse the circuit court's decision granting or denying postconviction relief unless it is clearly erroneous. *Walden v. State*, 2016 Ark. 306, at 2–3, 498 S.W.3d 725, 728–29 (per curiam); *Kemp v. State*, 347 Ark. 52, 55, 60 S.W.3d 404, 406 (2001). A finding is clearly erroneous when, although there is evidence

to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed. *Walden*, 2016 Ark. 306, at 2–3, 498 S.W.3d at 728–29.

When considering an appeal from a circuit court's denial of a Rule 37.1 petition based on ineffective assistance of counsel, the sole question presented is whether, based on the totality of the evidence under the standard set forth by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), the circuit court clearly erred in holding that counsel's performance was not ineffective. *Id*. Under the two-prong standard outlined in *Strickland*, to prevail on a claim of ineffective assistance of counsel, the petitioner must show that (1) counsel's performance was deficient and (2) the deficient performance prejudiced his defense. *Id*. The reviewing court must indulge in a strong presumption that trial counsel's conduct falls within the wide range of reasonable professional assistance. *Id*. The petitioner claiming ineffective assistance of counsel has the burden of overcoming this presumption by identifying specific acts or omissions of trial counsel, which, when viewed from counsel's perspective at the time of the trial, could not have been the result of reasonable professional judgment. *Id*. The second prong requires a petitioner to show that counsel's deficient performance so prejudiced his defense that he was deprived of a fair trial. *Id*. Consequently, the petitioner must show there is a reasonable probability that, but for counsel's errors, the fact-finder would have had a reasonable doubt respecting guilt, i.e., the decision reached would have been different absent the errors. *Id*. A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. *Id*. Unless

a petitioner makes both showings, it cannot be said that the conviction resulted from a breakdown in the adversarial process that renders the result unreliable. *Id.*

In order to demonstrate the prejudice required under the *Strickland* test, a person seeking postconviction relief on a claim of ineffective assistance that is based on the failure of counsel to make a motion or objection must show that counsel could have made a successful argument. *Breeden v. State*, 2014 Ark. 159, at 6–7, 432 S.W.3d 618, 624 (per curiam). Failure to make a meritless objection or motion does not constitute ineffective assistance of counsel. *Id.*; *Greene v. State*, 356 Ark. 59, 70, 146 S.W.3d 871, 880 (2004).

Before addressing McCulley's arguments on appeal, it is necessary to review the evidence adduced at his trial. The trial record demonstrates that McCulley's girlfriend, Loretta Collette, lured her sixteen–year–old niece, A.R., to McCulley's residence. According to the testimony of A.R., after arriving at McCulley's residence, she was drugged and taken to an outbuilding behind the main house, stripped naked, bound by her hands and feet, and raped by Collette and McCulley. A.R. was returned to her mother hours after she had been due home. Because of her unusual behavior, a drug test was administered by a local physician, and the test was positive for amphetamines. Eventually, A.R. reported to investigators that not only had she been drugged by McCulley and Collette, but that she had also been sexually assaulted by them. Subsequently, Collette admitted to police that she had participated in the assault, and based on Collette's admissions, a search warrant for McCulley's residence was obtained and executed. The search included the outbuilding described by A.R. The police seized numerous items as a result of the search, including, among other things, drug paraphernalia and pornographic videotapes.

In his first point on appeal, McCulley argues that the circuit court erred by rejecting his ineffective-assistance-of-counsel claim that counsel had erroneously failed to gain the suppression of all evidence seized in the search of his residence and the outbuilding. According to McCulley, trial counsel failed to move to suppress this evidence on the basis that the warrant was deficient because the warrant was signed by the presiding judge before the affidavit establishing probable cause had been presented. McCulley maintains that all evidence seized would have been suppressed but for the failure of his counsel to challenge the manner in which the search warrant had been issued.[1]

The record of the suppression hearing demonstrates that the affiant, Officer Erik Willbanks, testified that he had appeared before Judge Ron Hunter at 6:12 p.m. on January 16, 2012, and swore to the facts contained in the affidavit. The affidavit itself shows that it was signed by Willbanks at 6:12 p.m.; the affidavit originally reflected that it was signed and sworn before Judge Hunter at 6:00 p.m., but the number six was crossed out and replaced with the number seven. On the other hand, the related warrant signed and issued by Judge Hunter bears a typewritten time of 6:15 p.m.

Based on the time discrepancy on the affidavit, McCulley argues that the search warrant was invalid, and all items seized as a result of its issuance should have been suppressed. The Arkansas Supreme Court rejected a similar argument that a search warrant was invalid based on a discrepancy between the date that appeared on the affidavit and the

---

[1] McCulley's trial counsel filed a motion to suppress alleging that certain photographs and videotapes seized by police exceeded the scope of the warrant and, in the alternative, requesting that the photos and videos be excluded as prejudicial under Arkansas Rule of Evidence 403 (2015). Trial counsel did not challenge the sufficiency of the warrant itself.

date the warrant was issued in *Nance v. State*, 323 Ark. 583, 597, 918 S.W.2d 114, 120–21 (1996). In that case, the supreme court affirmed the lower court's conclusion that the warrant was valid despite an "apparent misprision" in the documents because the affiant had testified that he had appeared before the judge and sworn to the facts contained in the affidavit on the same date that the warrant had been issued. *Id.* Likewise, Willbanks testified at the suppression hearing that the affidavit was signed in the presence of the judge. When an affidavit states sufficient facts to establish probable cause for a search, discrepancies in the date or time the affidavit was executed will not invalidate a search warrant if the affiant appeared and provided sworn testimony that cures such errors. *Nance*, 323 Ark. at 597, 918 S.W.2d at 120–21; *Johnson v. State*, 2015 Ark. 387, at 4–5, 472 S.W.3d 486, 488–89. The circuit court did not clearly err when it found that, based on the testimony of Willbanks, the search warrant had been properly issued on a showing of probable cause in accordance with procedural rules. McCulley's trial counsel was not ineffective for failing to make a motion that would not have been successful. *Breeden*, 2014 Ark. 159, at 6–7, 432 S.W.3d at 624.

In his second argument on appeal, McCulley maintains that the circuit court erred when it rejected his ineffective-assistance-of-counsel claim based on allegations that trial counsel failed to object to the admission of photographs and items seized in the search as outside the scope of the warrant and otherwise irrelevant to the facts of the case. McCulley's argument fails to specify the photographs and items of evidence to which he refers and cites no authority in support of his claim that trial counsel ineffectively allowed irrelevant and prejudicial evidence to be admitted. Moreover, trial counsel moved to suppress certain

evidence on these same grounds, and McCulley does not identify the evidence that was not challenged by his trial counsel in the motion to suppress.

In any event, the record demonstrates that the photographs introduced at trial consisted of photographs of the outbuilding where A.R. had been raped, depicting the bed with handcuffs hanging from pipes above the bed. These photographs corroborated the testimony of A.R. and Collette, who described this outbuilding as the room where the rape had taken place. The items that were introduced into evidence consisted of containers of lubricants and fur-lined handcuffs that A.R. stated had been used to restrain her, as well as sex toys of a type described by A.R. and Collette as having been used in the assault.

The circuit court did not clearly err when it found that the photographs and items admitted during McCulley's trial were relevant as having corroborated the testimony of both A.R. and Collette. *See Watson v. State*, 308 Ark. 643, 647, 826 S.W.2d 281, 284 (1992) (Evidence corroborating rape victim's testimony is relevant and admissible.). Again, the failure to make a meritless objection does not constitute ineffective assistance of counsel. *Greene*, 356 Ark. at 70, 146 S.W.3d at 880.

McCulley argues in his third point on appeal that counsel was ineffective for failing to object to the admission of a drug-test report demonstrating that A.R. tested positive for amphetamines. The drug-test report was introduced into evidence to corroborate the testimony of both A.R. and Collette that A.R. became impaired and incapacitated after being given an orange drink on the night of the rape. Collette testified that she observed McCulley place a substance in A.R.'s orange drink, which Collette believed to be an

amphetamine. The contents of the drug-test results were admitted through the testimony of the phlebotomist who collected the sample from A.R. and the medical-records custodian.

According to McCulley, the report was inadmissible because the drug test had been conducted for medical reasons, and the test was presumptive because it had not been confirmed by a forensic laboratory. Medical records may be admissible under the business-records exception to the hearsay rule. *Terry v. State*, 309 Ark. 64, 69, 826 S.W.2d 817, 820 (1992); *see also McClellan v. State*, 81 Ark. App. 361, 365, 101 S.W.3d 864, 866 (2003). The alleged deficiencies of the drug-test results go to the weight of the evidence rather than its admissibility. *Isbell v. State*, 326 Ark. 17, 23, 931 S.W.2d 74, 78 (1996). Furthermore, even assuming that an objection from McCulley's trial counsel would have succeeded in gaining the exclusion of the drug-test results, McCulley failed to demonstrate that he had been prejudiced by the alleged error. A petitioner asserting ineffective assistance of counsel must demonstrate that he or she was prejudiced by counsel's errors. *Walden*, 2016 Ark. 306, at 2–3, 498 S.W.3d at 728–29. Prejudice is established by facts that create a reasonable probability that the finding of guilt was unreliable. *Id.* Here, based on the testimony of A.R., who described her impaired state after ingesting the orange drink, combined with the testimony of Collette, who observed McCulley putting a substance in A.R.'s drink and also described A.R.'s incapacity during the sexual assault, as well as the testimony of A.R.'s parents describing their daughter's impaired behavior after she returned home, the exclusion of a drug test demonstrating that A.R. tested positive for amphetamines would not have rendered the guilty verdict unreliable. The circuit court did not clearly err when it rejected this ineffective-assistance-of-counsel claim.

In a related argument, McCulley raises as his fourth point that trial counsel was ineffective by failing to object to the above-described testimony regarding A.R.'s incapacity due to ingesting amphetamines or another drug on the basis that it was hearsay and that the witnesses were not competent to render an opinion that A.R. was under the influence of drugs when she was raped. The record demonstrates that the testimony of A.R., Collette, and A.R.'s parents was based on their personal observations during the relevant time frame. Testimony of personal observations is admissible under Rules 602 and 701 of the Arkansas Rules of Evidence (2016) as long as the testimony is rationally based on the perception of the witness and is helpful to a clear understanding of the testimony or the determination of a fact in issue. *Marks v. State*, 375 Ark. 265, 269–70, 289 S.W.3d 923, 926–27 (2008); *Russell v. State*, 306 Ark. 436, 441, 815 S.W.2d 929, 932 (1991); *Miller v. State*, 250 Ark. 199, 201–02, 464 S.W.2d 594, 596–97 (1971). The trial record clearly shows that the testimony met the requirements of admissibility under the Arkansas Rules of Evidence and that McCulley failed to allege sufficient facts demonstrating that an objection to the above-described testimony would have been meritorious.

McCulley's fifth ineffective-assistance-of-counsel claim includes the assertion that trial counsel failed to object to the description by the prosecutor and witnesses of the outbuilding where A.R. was raped as a "sex room." McCulley maintains that such a reference was highly prejudicial in that it led the jury to conclude that the outbuilding was intended for sex-related activities. A.R. testified that she was raped in the outbuilding, where she had been handcuffed to bars hanging over the bed, where televisions continuously played pornography, and where a sign that read "sex instructions, first lessons free" was

hanging on the wall. Collette testified that the outbuilding was used for sex and drugs, that straps were attached to the bars hanging over a queen-size bed, and that the televisions were used exclusively for viewing pornographic movies. Willbanks testified that when he entered the room pursuant to a search warrant, he observed pornography playing continuously and discovered several pornographic videotapes as well as handcuffs, sex toys, rope, and lubricants. In view of the above-described testimony, the description of the outbuilding as a "sex room" was apropos, and there is no demonstration that trial counsel's failure to object to the term "sex room" was either deficient or prejudicial to the outcome of the trial. *Walden*, 2016 Ark. 306, at 2–3, 498 S.W.3d at 728–29.

McCulley's final ineffective-assistance-of-counsel claim asserts that counsel erroneously failed to object to testimony setting forth the titles of the various pornographic videos seized in the search. Evidence of the existence of pornographic videos corroborated the testimony of both the victim and Collette and was therefore relevant and admissible. *Watson*, 308 Ark. at 647, 826 S.W.2d at 284; *Martin v. State*, 2013 Ark. App. 110, at 7, 426 S.W.3d 515, 519 (pornographic photographs admissible in rape trial to corroborate testimony of victim).

Again, in view of the evidence and testimony described above, McCulley fails to explain how referring to the videos by name rather than as "pornographic" or "sexually explicit" changed the outcome of his trial. *Walden*, 2016 Ark. 306, at 2–3, 498 S.W.3d at 728–29; *see also Johnston v. State*, 2014 Ark. 110, at 7, 431 S.W.3d 895, 899 (Even if evidence is erroneously admitted, we may declare the error harmless and affirm if the evidence of guilt is overwhelming.). The circuit court did not clearly err by rejecting these last two

ineffective-assistance-of-counsel claims as insufficient to establish that the lack of an objection was either deficient or prejudicial. *Walden*, 2016 Ark. 306, at 2–3, 498 S.W.3d at 728–29.

McCulley finally argues that the circuit court's order contravened Rule 37.3(c) of the Arkansas Rules of Criminal Procedure because the court's findings were conclusory and did not reflect how the court applied the ineffective-assistance-of-counsel standard. Rule 37.3(c) of the Arkansas Rules of Criminal Procedure states in pertinent part that after a hearing, "[t]he court shall determine the issues and make written findings of fact and conclusions of law with respect thereto." *See Scott v. State*, 351 Ark. 619, 621, 96 S.W.3d 732, 732–33 (2003). Without exception, the Arkansas Supreme Court has held that this rule is mandatory and requires written findings. *Id.*

Here, the circuit court held a hearing, reviewed the trial record, issued a letter setting out each of McCulley's claims, applied the standard set forth in *Strickland*, and explained the reasons for denying each claim. In conjunction with the letter, the circuit court entered its order denying McCulley's petition. The circuit court's written findings as set out in its letter complied with Rule 37.3(c).

Affirmed; motion denied.

VIRDEN and GLOVER, JJ., agree.

*Troy Laurence McCulley*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Kathryn Henry*, Ass't Att'y Gen., for appellee.

