Cite as 2022 Ark. App. 122

# ARKANSAS COURT OF APPEALS

DIVISION III

No. CR-21-423

| | |
|---|---|
| TOMMY HAMILTON<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | Opinion Delivered March 9, 2022<br><br>APPEAL FROM THE HEMPSTEAD COUNTY CIRCUIT COURT<br>[NO. 29CR-19-39]<br><br>HONORABLE JOE C. SHORT, JUDGE<br><br>AFFIRMED |

**PHILLIP T. WHITEAKER, Judge**

Appellant Tommy Hamilton was convicted of multiple drug-related offenses and sentenced to 660 months in the Arkansas Department of Correction. He appealed his conviction to this court, and we affirmed. *Hamilton v. State*, 2020 Ark. App. 482, 612 S.W.3d 185 (*Hamilton I*). Hamilton subsequently filed a petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1. The circuit court denied his petition for relief. Hamilton timely appealed that decision, and we now affirm.

I. *Factual and Procedural History*

On three separate occasions in December 2018, Hamilton sold methamphetamine to a confidential informant who was operating under the auspices of the Eighth North Task Force. On each occasion, the confidential informant went to Hamilton's home located at

709 Harris Street in Hope, Arkansas, to complete the purchase. Because Harris Street is a dead end, task-force agents were not able to conduct visual surveillance of Hamilton's home at 709 Harris Street on any of the three occasions. They did, however, meet with the informant before each purchase, search both the informant and the informant's vehicle, equip the informant with recording equipment and purchase money, and conduct visual surveillance of the informant's travel to, and exit from, Harris Street. After the confidential informant's exit from Harris Street, the agents met the informant at a staging area where they retrieved the methamphetamine and the recording equipment from the informant. On each occasion, the informant advised that the methamphetamine was purchased from Hamilton, and the agents were able to verify this by viewing the video recording of the event.

On January 22, 2019, Task Force Agent Brown completed an affidavit for arrest warrant outlining the events surrounding the three separate controlled buys, described the house at 709 Harris Street, and expressly advised that the confidential informant had stated that he or she had gone "to Tommy's residence, located at 709 Harris Street" to complete the drug purchase. On the basis of this affidavit, the circuit court issued an arrest warrant.

On January 28, 2019, Agent Brown completed an affidavit for search warrant. In this affidavit, he similarly described the events and the house but omitted the statement that the informant had completed the purchase at the specific address. On the basis of this affidavit, the circuit court issued a search-and-seizure warrant authorizing the search of 709 Harris Street. Agent Brown executed both the warrant for arrest and the warrant for search and seizure. In the search, law enforcement seized cash, drugs, a gun, and drug paraphernalia.

The State charged Hamilton with multiple drug-related offenses. Hamilton moved to suppress the evidence seized as a result of the execution of the search warrant, arguing that the affidavit submitted in support of the search warrant failed to set forth any facts to establish probable cause for a search. He also asserted that the facts that were set forth to obtain the warrant impermissibly relied on a confidential informant whose veracity and reliability had not been established.[1] The circuit court denied Hamilton's motion, and the matter proceeded to a jury trial, at which Hamilton was convicted and sentenced to an aggregate term of 660 months.

In his direct appeal to this court, Hamilton challenged the denial of his motion to suppress, raising three arguments: (1) the affiant failed to establish the veracity and reliability of the confidential informant; (2) the affiant failed to provide a nexus or link to the place to be searched; and (3) the good-faith exception to the exclusionary rule did not apply. We affirmed Hamilton's conviction in *Hamilton I*, holding that there was enough evidence to provide sufficient indicia of the reliability of the confidential informant to establish probable cause for the search warrant of Hamilton's house. *Id.* at 8, 612 S.W.3d at 189–90. We declined to address Hamilton's "linking evidence" argument, however, concluding that it

---

[1]The motion to suppress raised other arguments, but Hamilton did not pursue them on direct appeal.

was not preserved for appeal because it had never been presented to the circuit court. *Id*. at 9, 612 S.W.3d at 190.[2]

Following our decision, Hamilton filed a timely petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1. Pertinent to the issue raised in this appeal, Hamilton argued that his trial counsel had been ineffective for failing to raise and preserve the argument that the search warrant did not contain a link to the address to be searched.[3] The circuit court held a hearing on Hamilton's petition and subsequently entered an order denying it, reasoning as follows:

> In this case the same agent applied for the arrest warrant and the search warrant. The record clearly shows the arrest of the Defendant occurred at 709 Harris St. and that the search occurred at 709 Harris St. and that drugs and a firearm were seized. . . . [T]he court finds that even if the argument was made about not connecting the target address in the affidavit for search warrant, based on the totality of the circumstances and the overwhelming evidence of guilt of the Defendant, the motion to suppress would have been denied. Based on this, the Defendant has failed to show that trial counsel was deficient and ineffective.

Hamilton filed a timely notice of appeal and now argues that the circuit court's denial of his petition for postconviction relief was in error.

II. *Standard of Review and Postconviction Framework*

---

[2]In *Hamilton I*, we did not address the "good faith" argument because we held that the magistrate's assessment of probable cause was not in error.

[3]Hamilton also argued that his trial counsel was ineffective because she unnecessarily opened the door to his criminal history during his testimony and because she failed to object to the introduction of a noncertified conviction from 1995. The circuit court ruled against Hamilton on these points; however, Hamilton does not challenge the court's ruling on these issues on appeal. Accordingly, they are abandoned. *Stewart v. State*, 2014 Ark. 419, at 4, 443 S.W.3d 538, 542 ("[I]ssues raised below but not argued on appeal are considered abandoned.").

We will not reverse the circuit court's decision granting or denying postconviction relief unless it is clearly erroneous. *McCulley v. State*, 2017 Ark. App. 313, at 2–3, 525 S.W.3d 10, 13. A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed. *Id.*

When considering an appeal from a circuit court's denial of a Rule 37.1 petition, we assess the effectiveness of counsel under the two-prong standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). Under this standard, a petitioner must demonstrate that counsel made errors so serious that it prejudiced the outcome of the trial. *Sartin v. State*, 2012 Ark. 155, at 2–3, 400 S.W.3d 694, 697–98. The reviewing court indulges in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id.* The defendant claiming ineffective assistance of counsel has the burden of overcoming this presumption by identifying the acts and omissions of counsel which, when viewed from counsel's perspective at the time of trial, could not have been the result of reasonable professional judgment. *Id.* To satisfy the prejudice part of the test, the petitioner must show that counsel's deficient performance prejudiced the defense, such that there is a reasonable probability that the trial's outcome would have been different absent counsel's errors. *Bishop v. State*, 2017 Ark. App. 435. A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. *Id.* Unless a petitioner makes both showings, it cannot be said that the conviction resulted from a breakdown in the adversarial process that renders the result unreliable. *McCulley*, *supra*.

III. *Discussion*

Hamilton challenges the effectiveness of his trial counsel for failing to raise and preserve an issue concerning the admission of evidence seized pursuant to the execution of a warrant. Such an argument is cognizable in Rule 37 proceedings. *See Smith v. State*, 2015 Ark. 165, 459 S.W.3d 806. Specifically, Hamilton argues that trial counsel was ineffective for failing to raise and preserve an argument that the affidavit for search warrant did not provide sufficient linking factors to the house at 709 Harris Street.

In order to prevail in this challenge, Hamilton must demonstrate that if trial counsel had pursued this issue, his motion to suppress would have been meritorious. *Id*. We must therefore consider whether a motion to suppress based on this argument would have been successful. *See Hartman v. State*, 2017 Ark. 7, at 6, 508 S.W.3d 28, 33 (holding that a Rule 37 petitioner must show, when making a claim of ineffective assistance for failing to raise an objection or make an argument, that the objection or argument would have been successful if made).

In denying Hamilton's Rule 37 petition, the circuit court concluded that even if trial counsel had made the argument about the search-warrant affidavit lacking a connection to the house, the motion to suppress still would have been denied. We agree.

Here, Agent Brown was actively involved in the investigation concerning Hamilton. He was aware that the informant had conducted a controlled buy at Hamilton's residence at 709 Harris Street on three separate occasions and included this information in his affidavit for warrant of arrest. A few days later, Agent Brown completed an affidavit for a search

warrant. Admittedly, Agent Brown was not as articulate in this affidavit concerning Hamilton's physical address; however, both the search and arrest warrants were premised on the same controlled buys, and both warrants were executed at the same time on the same day.

In *United States v. Leon*, 468 U.S. 897 (1984), the Supreme Court established the "good faith" exception to the exclusionary rule--which ordinarily disallows evidence obtained by an invalid search warrant--when that search warrant is relied on in good faith by officers enforcing it. *Ingle v. State*, 2010 Ark. App. 410, 379 S.W.3d 32; *see also Moya v. State*, 335 Ark. 193, 981 S.W.2d 521 (1998). In assessing good-faith reliance on a warrant lacking in probable cause, we look to the totality of the circumstances, including what the affiant knew but did not communicate to the judge. *Ingle*, *supra*.

On the record before us, we conclude that even if Hamilton's trial counsel had raised and preserved the "nexus" argument, the good-faith exception would have applied here and that the evidence seized as a result of the search warrant's execution would not have been excluded. Thus, the circuit court did not err in concluding that Hamilton's trial counsel did not render ineffective assistance for failing to advance and preserve a meritless argument at the suppression hearing. We therefore affirm the circuit court's denial of Hamilton's Rule 37 petition.

Affirmed.

HIXSON and MURPHY, JJ., agree.

*Devon Holder*, for appellant.

7

*Leslie Rutledge*, Att'y Gen., by: *Jason Michael Johnson*, Ass't Att'y Gen., for appellee.