Cite as 2021 Ark. 206

# SUPREME COURT OF ARKANSAS
**No.** CR-21-154

| | |
|---|---|
| | **Opinion Delivered:** November 12, 2021 |
| JOHN L. DRENNAN, JR. APPELLANT | APPEAL FROM THE HOT SPRING COUNTY CIRCUIT COURT [NO. 30-CR-16-71] |
| V. | |
| STATE OF ARKANSAS APPELLEE | HONORABLE EDDY R. EASLEY, JUDGE |
| | AFFIRMED. |

### KAREN R. BAKER, Associate Justice

On June 2, 2017, a Hot Spring County jury convicted appellant, John L. Drennan, Jr., of first-degree murder and sentenced him to life imprisonment. We affirmed his conviction and sentence in *Drennan v. State*, 2018 Ark. 328, 559 S.W.3d 262. The relevant facts as we recounted in Drennan's direct appeal are as follows:

> On October 12, 2015, Drennan, his wife Amber, and her two children were traveling on Highway 9 in Hot Spring County. Amber was driving the vehicle, Drennan was in the front-passenger seat, and Amber's two children, C.E. and J.E., were in the back seat. At approximately 4:00 p.m., Drennan discharged a firearm inside the vehicle, fatally wounding Amber.
>
> . . . .
>
> Thomas Ford, a special-response-team agent with Arkansas Community Correction, testified that he was notified that authorities were searching for Drennan in the woods on Highway 9 just outside Malvern. Ford specializes in fugitive apprehension. Ford testified that his team received a tip and ultimately located Drennan at his mother's house.

*Drennan*, 2018 Ark. 328, at 3, 5, 559 S.W.3d at 263, 265.

On July 15, 2019, Drennan filed his petition for Rule 37 relief, alleging five grounds. On August 5, 2019, the State responded and filed a motion to dismiss Drennan's petition for postconviction relief asserting that Drennan's petition was untimely. On November 8, 2019, the State filed its amended response and conceded that Drennan's July 15 petition was mistakenly returned to Drennan by the circuit clerk's office and therefore should be deemed timely.

On December 16, 2020, the circuit court held a Rule 37 evidentiary hearing via Zoom and Drennan presented five ineffective-assistance-of-counsel claims.[1] On December 31, the circuit court denied Drennan's petition. Drennan brings this timely appeal and presents one point on appeal: the circuit court erred in failing to find that Drennan's trial counsel was ineffective because of a conflict of interest. We affirm.

*Standard of Review*

"On appeal from a trial court's ruling on a petitioner's request for Rule 37 relief, this court will not reverse the trial court's decision granting or denying postconviction relief unless it is clearly erroneous. A finding is clearly erroneous when, although there is evidence to support it, the appellate court after reviewing the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Prater v. State*, 2012 Ark. 164, at 8, 402 S.W.3d 68, 74 (citations omitted).

---

[1]Although Drennan presented five claims of ineffective assistance of counsel to the circuit court, he presents only one point on appeal. Arguments made to the circuit court but not included in the arguments on appeal are considered abandoned. *Brown v. State*, 2017 Ark. 364.

"The benchmark for judging a claim of ineffective assistance of counsel must be 'whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result.'" *Henington v. State*, 2012 Ark. 181, at 3–4, 403 S.W.3d 55, 58 (citation omitted). "Pursuant to *Strickland*, we assess the effectiveness of counsel under a two-prong standard. First, a petitioner raising a claim of ineffective assistance must show that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the petitioner by the Sixth Amendment to the United States Constitution." *Williams v. State*, 369 Ark. 104, 107–08, 251 S.W.3d 290, 292–93 (2007). "A petitioner making an ineffective-assistance-of-counsel claim must show that his counsel's performance fell below an objective standard of reasonableness." *Springs v. State*, 2012 Ark. 87, at 3–4, 387 S.W.3d 143, 148. "A court must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*. at 3, 387 S.W.3d at 148.

"Second, the petitioner must show that counsel's deficient performance so prejudiced petitioner's defense that he was deprived of a fair trial." *Id*. "The petitioner must show there is a reasonable probability that, but for counsel's errors, the fact-finder would have had a reasonable doubt respecting guilt, i.e., the decision reached would have been different absent the errors." *Howard v. State*, 367 Ark. 18, 32, 238 S.W.3d 24, 36 (2006). "A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial." *Id*. "Unless a petitioner makes both showings, it cannot be said that the conviction resulted from a breakdown in the adversarial process that renders the result unreliable." *Id*.

Additionally, "conclusory statements that counsel was ineffective cannot be the basis for postconviction relief." *Anderson v. State*, 2011 Ark. 488, at 5, 385 S.W.3d 783, 788.

Finally, "to prevail on a claim of ineffectiveness due to a conflict of interests, a defendant must demonstrate the existence of an actual conflict of interest that affected counsel's performance, as opposed to a mere theoretical division of loyalties. *Jones v. State*, 355 Ark. 316, 136 S.W.3d 774 (2003). A defendant who shows that a conflict of interest actually affected the adequacy of his representation need not demonstrate prejudice in order to obtain relief, but in the absence of an actual conflict, the defendant must demonstrate a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Id.*" *Walker v. State*, 367 Ark. 523, 526, 241 S.W.3d 734, 737 (2006); *see also Bond v. State*, 2013 Ark. 298, at 7, 429 S.W.3d 185, 191.

With these standards in mind, we turn to the merits of Drennan's appeal.

*Points on Appeal*

I. *Conflict of Interest*

For his sole point on appeal, Drennan contends that the circuit court erred in denying his claim that his trial counsel was ineffective because counsel was laboring under a conflict of interest that affected counsel's performance. At trial, Drennan was represented by Brannon Sloan[2] and Lucas Rowan. Drennan alleges his counsel labored under an actual conflict that affected him because counsel represented Drennan's mother, Marcia Green,[3]

---

[2]The State incorrectly identifies Drennan's trial counsel as Gregory K. Crain. Crain is Drennan's postconviction counsel.

[3]The State incorrectly identifies Drennan's mother, the witness at issue, as Michelle Green. Drennan's mother is Marcia Green.

in a related case while also representing Drennan in this case and that his counsel worked to protect Green against Drennan's interests.

At the Rule 37 hearing, Sloan testified regarding the conflict-of-interest allegations. First, Sloan testified that he did not represent Green during Drennan's trial; rather, Green's case had been nolle prossed prior to Drennan's trial. Sloan further testified that his brief representation of Green did not impact any of his decisions in his representation of Drennan. Second, Sloan testified that with regard to questioning Agent Ford about locating and arresting Drennan after the incident, he made a relevancy objection because Sloan did not want evidence related to Green's involvement in Drennan's arrest admitted because it could have been viewed as unfavorable to Green. Sloan testified that because Green was a defense witness, his "objection was relevance as to [Drennan's] case. . . . I did not want . . . Green to look – – to be looked at in a bad way."

After the hearing, the circuit court denied Drennan's claim for postconviction relief:

> During the trial, Mr. Drennan was represented by Brannon Sloan and Lucas Rowan. Prior to trial, Mr. Drennan's mother had been represented by counsel's law firm. The case against his mother, however, had been dropped, and counsel testified that none of the decisions regarding Mr. Drennan's case were affected by the prior representation of the mother. The Court credits this testimony and finds that there is no evidence to contradict it.

> According to Mr. Drennan, he wanted his mother to testify to show that his methamphetamine use and prior history with law enforcement resulted in him fleeing, and not consciousness of guilt. But, his mother did testify at trial and informed the jury of his alleged reasons for running from the police. . . . Moreover, a conflict of interest "generally requires proof that counsel 'actively represented conflicting interests' of third parties." Walden v. State, 2016 Ark. 306, at 10, 498 S.W.3d 725, 732 (quoting Townsend v. State, 350 Ark. 129, 134, 85 S.W.3d 536, 538 (2002)). There was no evidence of conflict of interest. Relief is denied on this claim.

5

On appeal, Drennan contends the circuit court erred in denying relief. He asserts that Sloan admitted representing Green after she was charged with hindering apprehension in Drennan's case. Drennan further asserts that his counsel's conflict is illustrated by Sloan's pretrial motion in limine and counsel's questioning of Agent Ford at trial. Specifically, Drennan argues that, to protect Green, counsel filed a motion in limine to prohibit introduction of evidence related to Green's alleged attempt to hinder apprehension of Drennan. Drennan also alleges that during Agent Ford's testimony at trial, counsel objected on relevance grounds to a portion of Agent Ford's testimony related to Drennan's capture. Drennan contends that, based on counsel's motion in limine and objections to Agent Ford's testimony, his counsel acted to protect Green, thereby conflicting with his representation of Drennan. Further, Drennan contends that had counsel not been conflicted and working to protect Green, Drennan could have (1) fully cross-examined Ford; (2) fully questioned Green about Drennan's state of mind, drug use, and physical and mental condition at the time of the shooting; and (3) questioned Jerry White and Lenora Spears, which would have led to new evidence in Green's hindering-apprehension case that counsel sought to avoid. Drennan asserts that with the testimony of these witnesses, the jury would have found that the requisite intent for first-degree murder had not been met and therefore would not have convicted him. Based on this, Drennan contends that the circuit court erred in denying his claim for relief.

The State responds that Drennan has failed to demonstrate an actual conflict that affected counsel's performance or that meets the Strickland standard. The State asserts that, as shown by the record, Drennan's counsel only briefly represented Green on the related

hindering-apprehension charges, but those charges were nolle prossed prior to Drennan's trial. The State further responds that Drennan's counsel sought to exclude evidence at trial on the hindering-apprehension charge—not to protect Green—but rather to have Green viewed in a positive way because Green was a defense witness. Stated differently, counsel sought to exclude evidence related to Green's conduct in Drennan's apprehension to support Drennan, not prejudice him. The State also responds that despite Drennan's argument related to witnesses Spears and White, neither testified at trial or at the Rule 37 hearing, and Drennan has failed to show how the omitted testimony would have changed the outcome of his trial. Finally, the State responds that Drennan was able to fully question Green about Drennan's state of mind, drug use, physical and mental condition at the time of the shooting, including testimony regarding Drennan's encounter with law enforcement when he was sixteen, his injuries and hospitalization, and his instinct to run from police.

In this case, the record demonstrates that counsel did not represent Green at the time of Drennan's trial, the case was nolle prossed, and Sloan testified that his brief representation of Green did not affect any of his decisions in his representation of Drennan. Additionally, at the Rule 37 hearing, Sloan explained that he objected to Agent Ford's testimony regarding Green because Green was a defense witness, and Sloan wanted her to be seen in a positive way. Further, the trial record demonstrates that when Sloan objected to Agent Ford's testimony at the bench conference, Sloan explained that the testimony elicited was not relevant and contended the State's line of questioning was purely a tactic to "tarnish" Green ahead of time because she was a potential defense witness. Therefore, based on the

record before us, Drennan has failed to demonstrate an actual conflict that affected his representation.

In the absence of an actual conflict, Drennan must demonstrate a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Here, Drennan does not offer any demonstration of prejudice but makes conclusory allegations. Drennan contends that with the testimony of White and Spears and additional testimony from Green, the outcome of his trial would have been different. However, when a petitioner alleges ineffective assistance of counsel for failure to call witnesses, it is incumbent on the petitioner to name the witnesses, provide a summary of the testimony, and establish that the testimony would have been admissible into evidence. *Wertz v. State*, 2014 Ark. 240, at 4, 434 S.W.3d 895, 900. Here, Spears and White did not testify either at trial or at the Rule 37 hearing, and Drennan has failed to develop this argument. Drennan has also failed to provide a summary of their testimony, its relevance, or its admissibility. Drennan further contends that counsel should have questioned Green about Drennan's physical and mental state at the time of the crime and his relationship with law enforcement; however, the record demonstrates that Green did testify about these issues. Accordingly, we do not find merit in Drennan's point on appeal. Based on our discussion above and our standard of review, the circuit court did not err in denying Drennan postconviction relief, and we affirm the circuit court's denial of Drennan's petition.

Affirmed.

*Gregory K. Crain*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Pamela Rumpz*, Sr. Ass't Att'y Gen., for appellee.